Wallace *v.* Carlisle.

---

JAMES WALLACE *versus* JAMES CARLISLE & al.

Since the statute of 1835, c. 195, if a debtor be arrested on an execution issued on a judgment in an action commenced in 1833, founded on a contract made in 1821, the bond to obtain his release should be made pursuant to the provisions of the statute of 1822, c. 209, and the proper oath to be administered is the oath prescribed in the latter statute. If, therefore, in such case, the oath provided in the poor debtor act of 1836 be administered, it is not a performance of the condition, the bond is good at common law, the statute of 1839, c. 366, does not apply, and the creditor is entitled to recover his debt, with costs, interest, and officer's fees.

DEBT on a bond, dated April 18, 1837, given by the defendants to the plaintiff, to procure the liberation of Carlisle from arrest on an execution in favor of the plaintiff against Carlisle,

issued on a judgment recovered at the March Term of the C. C. Pleas, 1834, for $36,73, damage, and $10,24, costs. That action was commenced in 1833. The debt on which the judgment was recovered was contracted in 1821. The condition of the bond, after reciting the execution, judgment, and arrest, was, — "Now if the said James Carlisle shall in six months from the date of this bond cite the execution creditor before two Justices of the Peace, *quorum unus,* and submit himself to examination, and take the oath or affirmation prescribed by law for poor debtors, or pay the debt, interest, costs and fees arising on said execution, or deliver himself into the custody of the jailer, within said time, then," &c. The parties agreed, "that Carlisle cited the attorneys of the creditor to hear his disclosure before two justices of the peace and of the quorum, according to the provisions of the act for the relief of poor debtors, passed March 4, 1835, except that prior to his citation he did not make application or complaint to the jailer, as required by the act aforesaid, under which, and the supplementary act of April 2, 1836, the bond was given." Within the six months, the oath prescribed in the act of 1836, was duly administered to Carlisle by two justices of the quorum. Although notified, the creditor was not present, personally or by attorney, at the examination and administering of the oath. It was agreed that if the action could be maintained, judgment should be rendered for the debt, costs, interest, and officer's fees, unless the Court should also be of opinion that the case fell within the provisions of the statute of Feb. 8, 1839, and that the act was constitutional and binding; in which case, the Court were to assess the damages.

*D. T. Granger,* for the plaintiff, contended that the condition of the bond had not been performed. The taking of the oath prescribed in the poor debtor act of 1836, was an act wholly inoperative. As both the cause of action arose, and judgment was rendered prior to the passing of the act of 1835, the oath to be taken was that prescribed by the act of 1822, c. 209. *Gooch* v. *Stephenson,* 3 Shep. 129; *Hastings* v.

*Lane*, ib. 134. Taking the oath prescribed in the poor debtor act of 1836, was a void act, and the parties stand as they would have done if no attempt had been made to take any oath.

The statute of 1839, c. 366, does not apply to or affect this suit. This is not within the cases enumerated by the statute. That furnishes a remedy merely where there was a failure by the debtor to apply to the jailer, and have the application to the justices go from him. Here there was no oath taken. We do not claim to recover on account of any error in the citation, but because nothing was done. The damages, therefore, should be the debt, costs, interest, and officer's fees.

*J. Granger*, for the defendants, conceded that the proceedings should have been under the statute of 1822, but insisted that the case fell within the operation of the statute of 1839, c. 366. The words of that statute are as general as can be found. Merely nominal damages can be recovered.

The opinion of the Court was by

EMERY J. — On the impression which we entertain of the merits of this case, it becomes quite unimportant to settle whether the act of 8th of Feb. 1839, be unconstitutional, though we should be slow in coming to such a conclusion. The present case seems not to come within the class of cases intended to be affected by that statute. That was intended to be confined to cases arising under the acts of 1835 and 1836, and to bonds rightfully taken under those acts.

We are satisfied that the bond now under consideration was designed to be taken by virtue of the statute of 1822, as it ought to have been. The debt arose in 1821. The suit for its recovery was in 1833. The bond is dated in 1837.

In the action, *Huntress* v. *Wheeler*, 16 Maine R. 290, it has been decided that a bond to obtain a release from imprisonment, on an execution on a judgment on a contract made before the statute of 1831, c. 520, where the action on which the judgment was rendered was commenced before the statute of 1835, c. 195, went into operation, should be made pursuant

to the provisions of the statute of 1822, c. 290, and if it be taken in accordance with the provisions of the statute of 1835, it is not good as a statute bond, but only at common law, and the plaintiff can recover only the original debt, costs, and interest.

In the present bond, the condition provided that if the said James Carlisle shall in six months from the date of the bond, cite the execution creditor before two justices of the peace, *quorum unus,* and submit himself to examination, and take the oath or affirmation prescribed by law for poor debtors, or pay the debt, interest, costs, and fees arising on said execution, or deliver himself into the custody of the jailer, within said time, then this bond shall be void, otherwise remain in full force and virtue, and that is the condition prescribed in the statute of 1835, c. 195.

By the agreed statement of facts, we perceive that Carlisle took the oath prescribed in the act of 1836. Neither the plaintiff nor his attorney were present, and prior to the citation of the plaintiff's attorney, said Carlisle did not make application or complaint to the jailer.

Under these circumstances, having heretofore decided that the act of 8th Feb. 1839, was constitutional, though we do not think that this case is protected by it, we must adhere to the decision in *Huntress* v. *Wheeler,* so far as to consider this a good bond at common law, and give judgment for the plaintiff, as the parties have agreed, for the debt, costs, interest, and fees.