### ALEXANDER C. QUARRIER'S CASE.

July Term, 1871.

1. A case in which the writ of *habeas corpus* is refused, because the petition, which is unaccompanied with any other evidence except the affidavit of petitioner, and the record of the circuit court by which petitioner is committed, shows that there is probable cause to believe that he is detained regularly by lawful authority; and does not allege or show good cause, or any cause, why he should be admitted to bail or discharged from custody.

2. *Quære?* Whether this court, upon *habeas corpus*, can admit a party to bail who is indicted for felony in the court below.

This case arose in Ohio county. The opinion of the judge contains a statement of the points at issue.

*Jas. S. Wheat* for petitioner.

MAXWELL, J. Alexander C. Quarrier, who is confined in the jail of Ohio county, has presented to this court his petition for a writ of *habeas corpus*. Petition states that petitioner is now confined in the jail of Ohio county, under and by virtue of a commitment from the circuit court of said county, to answer ten several indictments found and presented in said court by the grand jury attending said court at the March term, 1871, thereof: indictments Nos. 1, 2 and 3 being each an indictment for embezzlement, and indictments. Nos. 1, 2, 3, 4, 5, 6 and 7 being each an indictment for feloniously making an entry in an account kept by a joint stock company, with intent to conceal the true state of said account; to which indictments severally the petitioner plead that he was not guilty; that on the 13th day of July, 1871, at a term of said court, he moved the court to be admitted to bail in each of said causes, and it being considered by the court, that no

good cause had been shown in support of said motion, the same was overruled. The petition contains as part thereof, a transcript of the record of the proceedings of the circuit court for Ohio county against the petitioner.

The petition concludes by praying this court to award to the petitioner the writ of *habeas corpus*, to the sheriff of Ohio county directed, requiring him to bring before this court the body of the petitioner, with the causes of his detention, so that the same may be enquired into and relief afforded to the petitioner.

The first section of chapter 111 of the Code, p. 571, provides that the writ of *habeas corpus* shall be granted forthwith by the supreme court of appeals or any circuit court or any judge of either court in vacation, to any person who shall apply for the same by petition, showing by affidavit or other evidence, probable cause to believe that he is detained without lawful authority. The petition is verified by the affidavit of the petitioner, but is not accompanied with any other evidence, except the record which is made part of it as before stated. The petition, instead of showing probable cause to believe that the petitioner is detained without lawful authority, shows clearly that he is detained regularly by lawful authority, upon indictments charging him with the commission of divers felonies, and does not allege or show good cause, or any cause, why he should be admitted to bail or discharged from custody. *The Commonwealth* vs. *Semmes*, 11 Leigh, 665; *Archer's case*, 6 Gratt., 705.

The jurisdiction of this court upon *habeas corpus* to admit a person to bail who is indicted for a felony, may be very seriously questioned, but it is not necessary to decide this question upon this application, because sufficient cause is not shown to entitle the petitioner to be admitted to bail by a circuit court or a judge thereof in vacation. Under the circumstances the writ of *habeas corpus* prayed for cannot be granted.

The other judges concurred.

WRIT REFUSED.