# WHEELING.

STATE v. BRUCE.

Submitted June 23, 1885.—Decided July 3, 1885

1. The general rule is, that each count in an indictment must be sufficient in itself to make a complete indictment; and averments in one count can not aid defects in another. To some extent repetitions may be avoided by referring from one count to another; but the reference must be so full and distinct as in effect to incorporate the matter going before with that in the count in which it is made. (p. 155.)

2. Our statute—sec. 10, chap. 158, Code—providing that no indictment shall be quashed or deemed invalid for omitting to state the time at which the offence was committed, when time is not of the essence of the offence, does not make valid an indictment which fails to aver any date, or that the offence charged was committed at a time within the statutory bar, when the offence is one which the statute declares shall not be prosecuted after a prescribed limitation. (p. 156.)

3. Section 21 of chap. 158 of the Code, which declares, "no exception shall be allowed for any defect or want of form in any presentment or indictment founded on any provision of chap. 32 or 151," &c., is intended merely, to exclude defences which do not put in issue the truth of the charges averred in the indictment; and it does exclude exceptions to an indictment which avers facts

20

that may be true and still not necessarily show the accused to be guilty of subsisting offence. (p. 157.)

4. An indictment for selling spirituous liquors, which fails to aver the date of the sale or that the sale was made within one year from the time the indictment was found by the grand jury, is fatally defective and will be held bad on demurrer. (p. 157)

A statement of the facts of the case will be found in the opinion of the Court.

*Alfred Caldwell,* Attorney General, for the State.

The first assignment of error is the overruling of the demurrers to the indictments.

The first count in each indictment is good under § 1, ch. 32, of the Code, as amended by ch. 107, Acts 1882. (*State* v. *Pendergast,* 20 W. Va. 672; *State* v. *Cox,* 20 W. Va. 797.)

It is objected to the second counts, that they do not state the dates of the ·commission of the offences. This was not necessary, as time is not of the essence of the offence. (Code, ch. 108, § 10.) This section also cures the omission of the word "oath" in the first count of indictment No. 1. See also Code, ch. 158, § 21.

The second assignment of error is that the court erred in rendering judgment against the defendant in the absence of criminal intention. The intent here is immaterial. (*White* v. *Comm.,* 78 Va. 484.) Moreover the accused is presumed to intend the natural consequences of his acts. (78 Va. 732.)

The prescriptions furnished no excuse or protection to the defendant, being fatally defective, (Code, ch. 32, § 4, as amended, Acts 1877,) of which the druggist was bound to take notice.

The cases were submitted to the court in lieu of a jury and should not be reversed because of the overruling of the demurrers to the second counts, even if those counts were bad; for there was ample testimony applicable to the first counts to sustain the judgments, and the evidence was all admissible. But if improper testimony had been introduced because of the defective indictments, it would not have affected the judgments. But if the court erred in overruling the demurrer, the defendant was not prejudiced thereby.

The pharmacy act (ch. 112, Acts 1882) does not relieve a druggist from the provisions of §§ 1 and 4, ch. 32 of the Code as amended. The two acts can stand together.

*James H. McGinnis* for plaintiff in error.

Snyder, Judge :

The defendant, L. W. Bruce was, at the May term, 1882, of the circuit court of Summers county indicted in two cases, which were at the September term, 1882, by consent tried together by the court, who found the defendant guilty and fixed his fines and gave judgment for $25.00 and costs in each case. The defendant moved the court to set aside its judgment, which motion being overruled, he excepted and by bill of exceptions had all the facts proved certified. The two indictments are substantially the same, and in form as follows :

" The jurors of the State of West Virginia in and for the body the county of Summers now attending the said court upon their oaths present that L. W. Bruce, on May 1, 1882, at his drug store in the county aforesaid, did sell spirituous liquors without license so to do, against the peace and dignity of the State.

" And the jurors aforesaid, upon their oaths aforesaid, do further present that the said L. W. Bruce, in the county aforesaid, was a druggist, and as such druggist, at his drug store in the town of Hinton, in the county aforesaid, did then and there unlawfully sell alcohol, spirituous liquors and wine, said sale not having been made for medicinal or manufacturing purposes, against the peace and dignity of the State."

The defendant demurred to the indictment and to each count thereof, which demurrers were overruled and the cases tried on the pleas of not guilty. The defendant obtained this writ of error.

The first question to be decided is : Did the court err in overruling the demurrers to the indictments? The first counts of each of the indictments are under sec. 1 of ch. 107 Acts of 1877, and plainly good. *State* v. *Pendergast*, 20 W. Va. 672.

The second counts are under the fourth section of said act and are sufficient, unless the omission to give any date to the offence in either is a fatal defect.

The general rule is, that each count in an indictment must be sufficient in itself to make a complete indictment, and averments in one count can not aid defects in another. To some extent the pleader may avoid repetitions by referring

from one count to another. But the reference must be so full and distinct, as in effect to incorporate the matter going before with that in the count in which it is made. Thus, when the first count charged a larceny of goods of a value mentioned, and the second alleged a receiving of the " goods aforesaid," this was held not to draw into the second count the allegation of value contained in the first. 1 Bish. Crim. Pro., sec. 431; *The State* v. *Lyon*, 17 Wis. 237; *The State* v. *McAllister*. 20 Me. 374.

The second counts in this case give no dates whatever, nor do they refer to the preceding counts in a manner to supply this omission, unless this is done by the use of the words, "then and there." In the counts preceding a date and place are given. In the second no date is given, but a place, described differently from that in the first, is stated immediately preceding the words "then and there." Thus, upon any fair construction the word "there" in the second count must refer to the place named just before in the same count and not to the place mentioned in the first count. The word "there" thus necessarily refering to the place named in the second count, it would, it seems to me, be a forced construction to hold that the word "then," connected as it is with the word "there," refers to the preceding and not to the same count that the word "there" does. It is true, there is no time mentioned in the second count to which the word "then" can properly refer, but even this does not authorize us to conclude that the pleader used this word as a reference to the preceeding count. The rule is, that the reference must be so full and distinct, as in effect to incorporate the date mentioned in the first count into the second count. I think this has not been done and that the second counts in each indictment fail to give any date to the offences charged. The words "then and there" generally refer to a time and place set forth in a preceding part of the same count or sentence, and when it is intended to incorporate something from a distinct count or sentence the words "aforesaid" or "before mentioned," are used.

Our statute, however, provides that, "No indictment or other accusation shall be quashed or deemed invalid * * * for omitting to state, or stating imperfectly, the time at

which the offence was committed, where time is not of the essence of the offence."—Sec. 10, ch. 158, Code p. 714.

By the common law, every indictment must allege the time the offence was committed; but, while this allegation was always treated as essential, it was mere form, unless some special reason rendered it important, and it was not required ordinarily to be proved as laid.  1 Bish. Crim. Pro. § 386. This has been modified by the statute above quoted, so that it is not now essential to aver the time of the offence in an indictment unless time is of the essence of the offence.  In misdemeanors it is essential that it should appear from the indictment, that the offence was not barred by the statute of limitations at the time the indictment was found; for, otherwise it would not show that the offence was a *subsisting* and therefore indictable offence.    The second counts in these indictments were, therefore, bad.    It is of course unnecessary to allege any particular date or day in such cases, but it is indispensible that the indictment should disclose on its face that the offence was committed within the statutory limitation.

It is, however, insisted for the State that the omission to give any date in these counts is cured by sec. 21 of chap. 158 of our Code, which declares that, "No exception shall be allowed for any defect or want of form in any presentment or indictment, founded on any provision of chap. 32 or 151, but the court shall give judgment thereon according to the very right of the case."

The provisions of this statute are taken from a similar statute in Virginia and it was there construed to exclude defences which do not put in issue the truth of the charge against the defendant.  *Atkinson's Case,* 2 Va. Cas. 513.  In *Young's Case,* 15 Grat. 664–66, the court after quoting the Virginia statute, says : " If the indictment may be true, and still the accused may be not guilty of the offence, the indictment is insufficient, even though it fall within the class to which the provision aforesaid refers."  This decision shows plainly that the statute does not cure the defect in the indictments now before us ; for, as we have seen, every averment they contain may be true and still the accused may not be guilty of a subsisting, indictable offence.

It is further contended for the State that, even if the second counts of the indictments were bad on demurrer, the judgment should not be reversed by this Court, because the cases, having been tried by the court in lieu of a jury, and the evidence certified being applicable and sufficient to sustain a conviction upon the first counts, we must presume that the trial-court based its finding and judgment upon those counts and not upon the bad counts. *Abrahams* v. *Swann*, 18 W. Va. 274.

This proposition is no doubt true, provided it appears from the whole record before us, that the defendant was not prejudiced by the error of the court refusing to sustain his demurrers to the second counts of the indictments. It is certainly the law, that where the court has committed an error in the pleadings, this court will presume the person against whom such error was committed was prejudiced and the burden is on the opposite party to show by the record that there was no such prejudice. *Hopkins* v. *Richardson*, 9 Grat. 485.

The first counts in these indictments, as we have seen, are founded upon sec. 1, ch. 107, Acts of 1877. The minimum fine imposed for the offence charged against the defendant under this section, is $10.00. The second counts are, as before stated, based upon the fourth section of said act, and the minimum fine for the offence charged in those counts, is $20.00, and by sec. 9, ch. 112, Acts 1882, it is made $25.00. In this case the minimum fine of $25.00, as provided in this last mentioned statute, was imposed by the court for each of the offences charged. Now, it does not seem to me, that we can say, that the court, if it had been of opinion the defendant could not be convicted of the greater offences attempted to be charged in the second counts, would have fixed the fines at $25.00 each. The proof certified, while it was admissable under either count, shows plainly that it had special reference to the allegations of the second counts. The finding of the court being the minimum fine under this count, would seem to indicate that the court intended to punish the offence charged with the minimum fine and that it would, if the second counts had been stricken out, in all probability, have made the fines $10.00 in each case instead

of $25.00. At all events, we can not certainly determine from the record before us, that such would not have been the case. The presumption from the admission of improper counts, being that the defendant was prejudiced, and the record not showing certainly such was not the fact, the judgment must be set aside, the demurrers to the second counts sustained and the cases remanded to the circuit court for a new trial on the first counts in the indictments.

REVERSED. REMANDED.