# CHARLES TOWN.

*Ex Parte* Eastham.

(McWhorter, Judge, *concurring*).

(English, President, and Dent Judge, *dissenting*).

Submitted September 3, 1897—Decided September 14, 1897.

1. Habeas Corpus—*Bail.*
   Can the Supreme Court of Appeals admit to bail upon *habeas corpus?* (p. 638.)

2. Bail—*Homicide.*
   As to bail in a murder case. (p. 639.)

*Habeas corpus* by one Eastham. Prisoner remanded by operation of law, because of a divided court.

*Denied.*

C. W. Dailey, F. M. Reynolds, Marshall McCormick, C. O. Strieby, J. T. McGraw, W. B. Maxwell, H. G. Moffett, and F. C. Reynolds, for petitioner.

A. G. Dayton, J. J. Davis, John A. Howard, Wm. C. Clayton, A. M. Cunningham, A. B. Parsons, and Wm. G. Conley, for respondent.

Brannon, Judge :

Eastham, being confined in the jail of Tucker County under a mittimus from a justice and an indictment for murder, obtained from a judge of this Court a writ of *habeas corpus* seeking discharge, or, if that be not granted,

then that he be granted bail. As to his application for release on grounds alleged to work the nullity of the indictment, I can not favor it, for reasons given in my opinion in the case of prohibition, this term, of *Eastham* v. *Holt*, 27 S. E. 883. And, if the indictment were even void, that would not discharge, for there is the commitment by the justice, warranting his detention.

I can not agree with JUDGES ENGLISH and DENT in bailing the accused. Can this Court grant bail? The Code (chapter 156, section 6) grants that power only to justices and circuit courts and their judges. After giving justices limited bail power, it grants wide power to circuit courts, but none to this Court. Did the legislature intend to limit the power to those courts? If we have power, it is not by statute, but springs from our jurisdiction in *habeas corpus*, as an incident to its exercise. The law generally seems to be that on *habeas corpus* the court may grant bail. 9. Am. & Eng. Enc. Law, 204; *Williamson's Case*, 67 Am. Dec. 374. But under our statute it was made a *quære* whether this Court could bail on *habeas corpus*, in *Quarrier's Case*, 5 W. Va. 48. To me that *quære* is serious, on reading the statute, which seems to intend to limit the bail power to circuit courts in the first instance; the way for redress, if any, in the improper exercise of the power, perhaps, being on writ of error. In this case bail was refused by the circuit court. Can we use *habeas corpus* as an appellate proceeding and reverse the circuit court? It is not an appellate proceeding. We can not review the circuit court's action in the case, either in its procedure as to the grand jury or as to bail. *Ex parte Mooney*, 26 W. Va. 36; *Ex parte Evans*, 42 W. Va. 242 (24 S. E. 888). Can we use this writ, however, regardless of the circuit court's action on bail, as an original process to procure bail? If so, it opens this Court to applications for bail in every and any case where the circuit court has refused bail. I see that section 6, chapter 111, Code, says that in *habeas corpus* the court shall discharge, remand or bail, thus inclining me to the conclusion that this Court can bail. The other judges think so. I will not say finally, because I do not think a case for bail is made. Now, the general rule is that a capital case is not bailable, except under strong showing of no probable cause to charge the accused. As 9 Am. & Eng.

Enc. Law, 204, says, it rests "in the sound judicial discretion of the court, who will not grant it except under extraordinary circumstances." And 1 Bish. Cr. Proc. § 256, says: "In the exercise of the judicial discretion, it is the common rule to refuse bail in a capital case; and if the guilt is plain, as, for example, where the prisoner acknowledges it, the rule is nearly or quite universal." Bishop means, by the prisoner's acknowledging it, acknowledging the homicide. The accused in this case acknowledges the killing. I understand the almost universal practice is to refuse bail in West Virgiaia in murder cases. This party rests under an indictment charging murder, which furnishes strong presumption of guilt, on a motion for bail. *People* v. *Tinder*, 81 Am. Dec. 77, and note; *Ex parte Goans* (Mo. Sup.) 12 S. W. 635. And, even if that indictment were void, we would consider it on a motion for bail. In view of that indictment, and the evidence taken before the grand jury, and as murder cases are not generally bailable, I can not grant bail, and would remand the accused.

*Denied.*