# CHARLESTON.

## Ex Parte Veltri.

Submitted January 8, 1919.   Decided January 21, 1919.

1. HABEAS CORPUS—*Discharge—Action of Examining Court.*

   Where a court or justice having jurisdiction, on a warrant regular and valid on its face determines that there is probable cause for holding the accused to answer for the crime charged, and his mittimus committing the prisoner to the custody of the sheriff to await the action of the court having jurisdiction to try the accused is also regular and valid on its face, habeas corpus is not available to review the action of the examining court or to discharge the prisoner from custody on grounds purely defensive, as twice in jeopardy, or failure to indict, or to prosecute an indictment previously found for the same offense, within the time prescribed by the statute, not relied on or made the foundation for his discharge before the examining court.   (p. 227).

2. SAME—*Discharge from Custody—Denial of Right.*

   Nor is habeas corpus available to procure the discharge from custody of one so accused and held to answer for a crime, until the court having jurisdiction has by some affirmative action denied him some legal or constitutional right, and when the record shows that any order or judgment other than discharge from further prosecution would be absolutely void.   (p. 229).

Habeas corpus by Bill Veltri to secure discharge from detention in jail by John L. Dougan, Sheriff of Monongalia County.

*Writ refused.*

*Lazzelle & Stewart,* for petitioner.
*Cox & Baker,* for respondent.

MILLER, PRESIDENT:

By habeas corpus petitioner seeks his discharge from imprisonment in the jail of Monongalia County upon a charge of murder, upon the ground that he is being illegally detained by respondent, the sheriff, for reasons hereinafter to be considered.

The return of the respondent, not controverted, is that he is holding petitioner under and by virtue of a warrant and

mittimus issued on December 2, 1918, by W. L. Boughner, a justice of said county, charging him with the murder of one Tony Selario on the ......day of December, 1917, and also by virtue of another commitment issued by the same justice on the same charge on the 30th day of December, 1918.

The warrant and mittimus are in due form and charge an offense of which the justice had jurisdiction as an examining court; and his transcript, also made a part of the return, shows that on the return day of the warrant the body of the petitioner was produced before him by the officer to whom the writ was directed, and that the petitioner waived a preliminary hearing and was thereupon by the order and mittimus aforesaid committed to the jail of said county to await the action of the circuit court touching the charge aforesaid.

Upon the face of this record no question of right, want of authority or jurisdiction of the justice appears, but the petitioner alleges as grounds for his release that the charge on which he is being held is identical in all respects with the crime with which he was accused in an indictment found by the grand jury attending said circuit court, on January 18, 1918. The October term, 1918, of said court, being the third term after the said indictment had been found, was still in session at the time of the issuance of the original warrant and mittimus by virtue of which petitioner was being held by respondent at the time he applied for and was awarded the present writ by this court. And his contention is that although before the end of the said third term, on December 3, 1918, the prosecuting attorney with the consent of the court entered a nolle prosequi as to said original indictment, and he was discharged from further prosecution thereon, and in as much as the court adjourned the said term without having brought him to trial on said indictment, he is now entitled to be discharged from further custody by virtue of section 25 of chapter 159 of the Code, containing what is known as the three term rule.

The question is thus presented, whether the petitioner is now entitled on this writ to be discharged from the custody of the sheriff, who is holding him not on the original indict-

ment but on the new warrant and commitments by the justice exhibited with the return.

We have reached the conclusion that he is not; that habeas corpus is not available, at least at the present stage of the proceeding. Petitioner, as the record shows, was brought before the justice on the new warrant, waived examination, and was sent on to the circuit court to await the action of the grand jury. The justice thereby perhaps exhausted his jurisdiction over the petitioner and the subject matter of the accusation. The former charge and the indictment of the grand jury and the former proceedings of the court thereon were not before the justice in the last proceeding or in any way made the ground of a motion to discharge the petitioner. So the sole question presented on this writ is whether the warrant and commitment are in due form and sufficiently charge an offense. The jurisdiction of the justice and the formality and regularity of the writs are conceded.

The authorities hold almost without exception that the matters relied upon by petitioner are defensive in character and that they must be set up by proper motion or plea in the proceeding in which he is held to answer, and that former jeopardy, or any constitutional right occurring pending the proceeding, not involving the constitutionality of the act or statute, under which he is accused, must be asserted by way of defense and that habeas corpus is not available to review any error of judgment of the trial court. So hold the standard text books on this subject, and the decisions of the courts supporting them are legion. 1 Bailey on Habeas Corpus, sec. 40, page 118 et seq.; Hurd on Habeas Corpus, (2nd ed.) page 178 et seq.; *Hovey* v. *Sheffner*, 15 Ann. Cas. 318, and cases cited in note at page 327; *State* v. *Smith*, (Ala.), 100 Amer. St. Rep., note at page 29 et seq. See especially *State ex rel. Noonan* v. *Sheriff of Hennepin County*, 24 Minn. 87; *Ex parte Ruthven*, 17 Mo. 541; *Gillespie* v. *Rump, Sheriff*, 163 Ind. 457; *Ex parte Bigelow*, 113 U. S. 328; *Whitten* v. *Tomilson*, 160 U. S. 231; and the many other cases cited in the note referred to in 15 Ann. Cas., *supra*.

Moreover, the proposition is fully supported by the prin-

ciples of our own decisions and the decisions of the courts of Virginia. *Ex parte Mooney,* 26 W. Va. 36; *Ex parte Evans,* 42 W. Va. 242; *Ex parte Eastham,* 43 W. Va. 637; *Dudley* v. *State,* 55 W. Va. 472; *Ex parte Mylius,* 61 W. Va. 405; *Jones* v. *Commonwealth,* 20 Grat. 848; *Ex parte Rollins,* 80 Va. 314.

Furthermore, the law undoubtedly is, according to our own decisions and the decisions of other states, that until the court having jurisdiction of the charge under which the petitioner is held has been called upon and has acted by some order or judgment of sentence denying defendant's right to be discharged and subjecting him to further imprisonment, habeas corpus is not available. In most cases we find that the writ has not been applied for until after judgment and sentence in the trial court, but our decisions are that one unlawfully restrained of his liberty may after the trial court has denied him his rights by some affirmative action and it fully appears that no judgment or order of the court except discharge from prosecution could lawfully be pronounced against him, the writ of habeas corpus may be resorted to, to restore him to his liberty. *Ex parte Wilson,* 114 U. S. 417; *In re Nielson,* 131 U. S. 176; *Ex parte Bigelow, supra; Ex parte Virginia,* 100 U. S. 339; 1 Bailey on Habeas Corpus, supra, at page 131; *Ex parte Chalfant,* 81 W. Va. 93; *Ex parte Anderson,* 81 W. Va. 171; *Ex parte Bracey,* 82 W. Va. 69.

These conclusions render it unnecessary if not improper to consider the other questions presented. Therefore, we are of the opinion to deny the writ and to remand the petitioner to the custody of the respondent.

*Writ refused.*