VERA R. CRICKMER *v.* C. R. THOMAS *et al.*
(No. 8824)

Submitted October 25, 1938.   Decided December 6, 1938.

*Duncan W. Daugherty,* for appellant.

*G. E. Kesterson,* for appellee.

RILEY, JUDGE:

Vera C. Crickmer, a judgment creditor of the defendant, C. R. Thomas, filed her bill in equity in the Circuit Court of Cabell County against said Thomas, Thomas Pictures, Inc., and Brockway Plumbing and Supply Company (the latter being subsequently dismissed), praying that two deeds embracing certain tracts of land and an assignment of an interest in an oil and gas well be set aside as voluntary and fraudulent, and that the tracts of land and oil and gas interest be sold to satisfy plaintiff's judgment, subject to any prior lien indebtedness thereon. C. R. Thomas appeals from a decree in plaintiff's favor.

The decree upon which this appeal is based provides that a deed of C. R. Thomas to Thomas Pictures, Inc., dated January 10, 1938, and recorded on January 11, 1938, except as to a certain lot, and an assignment of said Thomas to said corporation, dated January 10, 1938, and recorded on January 11, 1938, be set aside as to plaintiff's judgment; that defendant Thomas pay plaintiff the amount of the judgment with interest and costs; and that in default of such payment, the property be sold, subject to all prior existing lien indebtedness or so much thereof as may be necessary to pay off and discharge plaintiff's judgment and costs, and the costs in this suit.

The principal ground of error is based on the theory that the judgment, upon which this suit is predicated, is void, for the reason that plaintiff did not comply with

the provisions of Chapter 89, Acts of West Virginia Legislature, Second Extraordinary Session 1933, amending Code 1931, 56-4, in that he did not allege in his pleadings or prove by affidavit or otherwise at any time before entry of said judgment: (1) that the note, upon which the judgment was obtained, has been assessed for taxation for each and every tax year on the first day of which plaintiff was the owner of the same, not exceeding five years prior to that in which the action was instituted and not in any event earlier than the first day of January, 1933; or (2) that said note constituted a part of the capital employed in plaintiff's business and was assessed as such; or (3) that plaintiff has not paid or is unable to pay the taxes and interest and penalties, if any, on said note, but is willing for the same to be paid out of his first recovery thereon; or (4) that said note is not taxable under the law in the hands of the plaintiff, or is otherwise exempt from taxation.

The foregoing position was sought to be raised (1) by a special plea in bar, which the chancellor, after the filing of a general replication thereto, held insufficient, and (2) by the answer.

Failure of the judgment to recite that plaintiff has complied with the conditions of the foregoing statute does not render it void or voidable. *Newhart et al.* v. *Pennybacker, Judge, et al.*, 120 W. Va. 774, 200 S. E. 350, decided contemporaneously herewith. This judgment was entered by a court of unlimited jurisdiction and the record does not affirmatively disclose lack of jurisdiction of parties and subject matter. It, therefore, is not subject to collateral attack. *City of Wheeling* v. *John F. Casey Co.*, 89 Fed. (2d) 308, and dictum in *City of Wheeling* v. *John F. Casey Co.*, 85 Fed. (2d) 922, and other cases cited in *Newhart et al.* v. *Pennybacker, Judge, et al., supra*. It has been held that a defense attacking a judgment as fraudulent in a suit brought by a judgment lien creditor for the purpose of enforcing the lien is a collateral attack. *Lough* v. *Taylor*, 97 W. Va. 180, 124 S. E. 585. By analogy, it is clear that this principle

applies equally to this suit, in which a judgment lien creditor seeks to set aside fraudulent conveyances and enforce his judgment lien against the property embraced therein. It follows, the defense interposed here that the record does not disclose compliance with Chapter 89 of the Acts aforesaid cannot prevail.

In the demurrer to the bill, which demurrer was overruled, as well as in the answer, plaintiff's right of recovery was challenged because neither the bill nor the record disclosed that execution was issued on the judgment and because other lien creditors were not made parties. This theory involves a misconception of the purposes of the bill of complaint. From its allegations and prayer, it is clear that this is not a creditor's suit. It is simply a suit to set aside alleged fraudulent conveyances and the assertion of plaintiff's judgment after the satisfaction of all prior liens. In such case, though plaintiff is a judgment lien creditor, the issuance of execution is not required (*State* v. *Bowen*, 38 W. Va. 91, 18 S. E. 375), and other lien creditors, though proper parties, are not necessary parties. *Core* v. *Cunningham et al.*, 27 W. Va. 206; *State* v. *Bowen, supra; Blubaugh* v. *Loomis et al.*, 48 W. Va. 666, 37 S. E. 794; *Pethtel* v. *McCullough*, 49 W. Va. 520, 39 S. E. 199; *Powers-Taylor Drug Co.* v. *Faulconer et al.*, 52 W. Va. 581, 600, 44 S. E. 204; 1 Carlin's Hogg's Equity Procedure, sec. 67; 1 Barton's Chancery Practice (3d Ed.), 588.

Defendants' counsel says that plaintiff failed to prove her allegation of fraud. Nothing, however, in counsel's brief directs us to any defect in the record in this regard. Suffice to say that C. R. Thomas with Elizabeth J. Thomas, his sister, and W. O. Thomas, his brother, as incorporators, organized Thomas Pictures, Inc., of which the defendant Thomas was president; and the deeds, assignment and corporation papers were filed in the county clerk's office on January 11, 1938, the same day on which service of process was had in the law action in which the judgment was obtained. This was in the face of Thomas' evident insolvency. The chancellor

having held that the transfers were made without consideration and the record not containing anything to indicate otherwise, his findings will not be disturbed on appeal. *Polly Pickens et al.* v. *Prudence McClellan O'Hara et al.,* 120 W. Va. 751, 200 S. E. 47, decided contemporaneously herewith; *Highland* v. *Davis,* 119 W. Va. 501, 195 S. E. 604; *Kincaid* v. *Evans,* 106 W. Va. 605, 146 S. E. 620; *McBee* v. *Deusenberry,* 99 W. Va. 176, 128 S. E. 378; *Baughman* v. *Hoffman,* 90 W. Va. 388, 110 S. E. 829; *Ross* v. *McConnaughy,* 85 W. Va. 199, 101 S. E. 443.

Counsel says that because no replication was filed, the allegations in the answer denying the material allegations of the bill of complaint must be taken as true. We need not go beyond the recital in the final decree, to the effect that a general replication was made to the answer. 1 Barton's Chancery Practice (3d Ed.), 409; *Coles et ux.* v. *Hurt, etc.,* 75 Va. 380, 384; *Casilear* v. *Casilear,* 168 Va. 46, 190 S. E. 314. In passing, however, it may be well to state that where, in a suit of equity, as in the instant case, a defendant takes depositions as if there had been a replication, the absence thereof will not warrant reversal. Code, 58-1-3, provides: "No decree shall be reversed for want of a replication to the answer, where the defendant has taken depositions as if there had been a replication * * *." The salutary purpose of this statute is the protection of a successful party plaintiff from the mistake of his counsel or misprison of the clerk. See generally, *Towner* v. *Towner,* 65 W. Va. 476, 64 S. E. 732; *Kirchner* v. *Smith,* 61 W. Va. 434, 58 S. E. 614, 11 Ann. Cas. 870; *Chalfants* v. *Martin,* 25 W. Va. 394.

There being no prejudicial error, the decree of the circuit court of Cabell County is affirmed.

*Affirmed.*