STATE OF WEST VIRGINIA, *ex rel.,*
RONCEFORD LOVEJOY

*v.*

OREL J. SKEEN, *Warden*
WEST VIRGINIA STATE PENITENTIARY

(No. 10629)

Submitted November 3, 1953.   Decided November 24, 1953.

*Paul E. Bottome,* for relator.

*John G. Fox,* Attorney General, *Robert E. Magnuson,* Assistant Attorney General, for respondent.

LOVINS, JUDGE:

This Court, in the exercise of its original jurisdiction, granted a writ of habeas corpus ad subjiciendum upon the petition of Ronceford Lovejoy, hereinafter designated as "petitioner", and appointed Paul Bottome, Esquire, of Logan, West Virginia, as his counsel. The Warden of the West Virginia State Penitentiary is the respondent.

Counsel stipulated that certain warrants issued by a justice, transcripts of the proceedings before the same justice, an indictment against petitioner, an information filed against him and certain orders made by the Circuit

Court of Logan County be made a part of the record in this proceeding, and we so consider them.

It is disclosed that upon an affidavit made by a member of the Department of Public Safety, a warrant was issued by A. D. Scaggs, a justice of Logan County, West Virginia, for the arrest of petitioner. The warrant charged that petitioner "had in his possession a quantity of copper wire, without having obtained a bill of sale for same". The transcript of the proceedings on this warrant shows that petitioner was fined $100.00 and costs, sentenced to jail for 30 days; and committed to jail for 10 days until the fine and costs were paid and the jail sentence served. Such sentence was imposed on the 12th day of November, 1952.

The same member of the Department of Public Safety procured another warrant from the same justice, charging petitioner with stealing copper wire of the value of $75.00 on the same day as the offense charged in the first warrant. Petitioner and Donald Lovejoy were held to answer an indictment thereafter to be returned by a grand jury of Logan County, West Virginia. An indictment was returned by a grand jury on the 12th day of January, 1953, against Donald Lovejoy and the petitioner, which charged that on the 9th day of November, 1952, they stole 250 feet of copper wire of the value of $75.00.

After the return of the indictment, the petitioner entered into a recognizance in the penalty of $1000.00 on the 16th day of January, 1953. On the 23rd day of January, 1953, an order entered by the Circuit Court of Logan County shows that the petitioner did not appear in response to the condition of his recognizance, and a *scire facias* was awarded.

The Circuit Court of Logan County, West Virginia entered another order allowing a deputy sheriff's expense incurred in returning the two defendants named in the indictment from Cleveland, Ohio to Logan, West Virginia for trial.

Petitioner and Donald Lovejoy pleaded not guilty. Upon a jury trial, they were found guilty as charged in the indictment. The trial took place on May 20, 1953. Thereafter, on May 22, 1953, the Circuit Court of Logan County, West Virginia entered an order appointing counsel for petitioner. It is to be noted however, that the date of entry of the order appointing counsel is two days subsequent to the entry of the order showing the jury trial. The counsel so appointed was allowed a fee of $25.00 for his services in defending petitioner, from which we may assume that appointed counsel defended petitioner at the proper time and place.

The next step in the proceedings on the indictment is shown by an order made June 12, 1953, when the prosecuting attorney of Logan County, West Virginia, filed an information against petitioner which charged that he was indicted for a felony; that on the 18th day of May, 1934, he pleaded guilty and was sentenced to serve a period of three years in the West Virginia State Penitentiary; that he served such sentence; that on the 17th day of September, 1937, petitioner was again indicted for a felony; that on the 20th day of September, 1937, he pleaded guilty to such indictment and was sentenced to serve a term of five years in the West Virginia State Penitentiary, and that he has served such term of imprisonment. On the 12th day of January, 1953, he was indicted for a felony committed on the 9th day of November, 1952, and that on the 20th day of May, 1953, he was tried and convicted of such felony.

The final step appears from an order of the Circuit Court of Logan County, made on the 12th day of June, 1953, when the petitioner was sentenced to confinement in the West Virginia State Penitentiary for the remainder of his natural life.

The order of sentence for the last felony was pronounced under the provisions of Chapter 31, Article 11, Sections 18 and 19, Acts of the Legislature, Regular Session, 1943. The last order of the Circuit Court of

Logan County does not show any proceedings relative to whether petitioner admitted or denied that he was the same person formerly convicted and sentenced for two felonies; whether a jury was impaneled to try the issue of identity of petitioner with the person formerly twice convicted and sentenced, or whether petitioner was cautioned before sentence of life imprisonment was pronounced, as provided in Chapter 31, Article 11, Section 19, Acts of the Legislature, 1943, Regular Session.

The petitioner filed his petition in this proceeding, alleging that the crime of grand larceny for which he was tried, was for the same offense for which he was tried before the justice; that he was tried twice for the same offense, one trial being in the justice's court, the other in the Circuit Court of Logan County, and that he was illegally subjected to prosecution upon the indictment for grand larceny, since he was not given a preliminary hearing on such charge until forty days after his arrest.

In oral argument, counsel for petitioner raised two other questions relating to the deficiencies above noted in the order of sentence and that an oral statement was made by petitioner at the time he was tried in the Circuit Court of Logan County, to the effect that he had been tried before by the justice for the same offense.

The respondent demurred to the petition filed in this proceeding on the grounds that the question of former jeopardy in this case cannot be raised or considered in this proceeding, and that the petition herein discloses that the offenses for which he was tried by the justice and the Circuit Court of Logan County are not identical; that the failure to give the petitioner a preliminary hearing until forty days after his arrest cannot be reviewed in a habeas corpus proceeding.

Respondent also made return to the writ and produced the body of petitioner. The return alleges that he was legally sentenced to life imprisonment, and that

petitioner is now legally confined in the West Virginia State Penitentiary, pursuant to a valid judgment rendered by a court of competent jurisdiction and a commitment issued on such judgment.

Upon consideration of this record, the following questions are raised: (1) Can former jeopardy be first raised in this proceeding? (2) Is the offense of having copper wire in possession without a bill of sale identical with the crime of grand larceny for stealing such wire? (3) Is the sentence of imprisonment for life void, for the reason that petitioner was not given a preliminary hearing until forty days after his arrest? (4) Are the omissions and imperfections of the order showing sentence a reason for holding such sentence void?

The petitioner in this proceeding rests his claim on the constitutional provisions prohibiting a person from being placed in jeopardy twice for the same offense. The Fifth Amendment to the Constitution of the United States reads in part: " * * * nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; * * * ". The inhibition contained in the Fifth Amendment is directed solely to the Federal Government. *Palko* v. *State of Connecticut,* 302 U. S. 319, 58 S. Ct. 149, 82 L. Ed. 288.

The Constitution of West Virginia however, may be applicable. The pertinent portion of Section 5, Article III, Constitution of this State reads as follows: " * * * nor shall any person, in any criminal case, * * * be twice put in jeopardy of life or liberty for the same offense."

A proceeding in habeas corpus is generally, but not in all instances, a collateral attack upon a former judgment, by virtue of which a person is confined in prison. The instant proceeding is a collateral attack on the judgment of the Circuit Court of Logan County sentencing the petitioner to life imprisonment. "A judgment, valid on its face and rendered by a court of general jurisdic-

tion having jurisdiction of both parties and subject matter, is not open to collateral attack." *Crickmer* v. *Thomas*, 120 W. Va. 769, 200 S. E. 353; *Newhart* v. *Pennybacker*, 120 W. Va. 774, 200 S. E. 350; *Starcher* v. *Oil Co.*, 81 W. Va. 587, 95 S. E. 28. A void judgment being a nullity, may be attacked at any time and in any court upon the assertion of a right claimed under such judgment. *Cable* v. *Cable*, 132 W. Va. 620, 53 S. E. 2d 637. See St*ephenson* v. *Ashburn*, 137 W. Va. 141, 70 S. E. 2d 585; *Evans* v. *Hale*, 131 W. Va. 808, 50 S. E. 2d 682; *Roberts* v. *Hickory*, 58 W. Va. 276, 52 S. E. 182. We therefore are called upon to inquire whether the judgment of sentence of the Circuit Court of Logan County is void or voidable. A judgment pronounced by a court of competent jurisdiction, valid on its face, will not be disturbed on a writ of habeas corpus, a collateral attack, but the petitioner is left to his remedy by a writ of error. *Schad* v. *McNinch*, 103 W. Va. 44, 136 S. E. 865; *Ex parte Evans*, 42 W. Va. 242, 44 S. E. 888; *Ex Parte Mooney*, 26 W. Va. 36. The rule is otherwise if the judgment is void. *Ex parte Evans, supra; Ex Parte Mooney, supra.* See *Driver* v. *Seay* (Va.), 32 S. E. 2d 87; *Ex Parte Dixon* (Mo.), 52 S. W. 2d 181; *State* v. *Utecht* (Minn.), 287 N. W. 229.

A conviction and sentence of a person in a court of competent jurisdiction, in the absence of a showing that the judgment is wholly or partially void, will not be reviewed in a proceeding in habeas corpus.

A former conviction or acquittal in some instances may be raised in a proceeding in habeas corpus. In others, such question must be brought to the attention of the trial court by a special plea. If the trial court is without jurisdiction and a judgment of sentence pronounced by such court is void, the question of former jeopardy may be raised in a proceeding in habeas corpus. Or, if a statute under which a petitioner is confined in prison is unconstitutional, the question of former jeopardy may be considered in a proceeding in habeas corpus. *Ex Parte*

*Bornee,* 76 W. Va. 360, 85 S. E. 529. There may be other instances wherein the question of former jeopardy may be considered in a habeas corpus proceeding. A different situation is shown in the case of *Ex Parte Veltri,* 83 W. Va. 226, 98 S. E. 146, where the petitioner in habeas corpus was held in the custody of the sheriff by virtue of a legal warrant and a legal commitment. The grounds for the writ invoked in the *Veltri* case, being defensive in nature, and the court which had jurisdiction not having passed on the questions presented, the writ was discharged and the petitioner remanded to the custody of the sheriff.

The judgment of the Circuit Court of Logan County is valid on its face. That Court had jurisdiction and the sentence pronounced was in the exercise of its constitutional power and by virtue of a valid statute. We reach the conclusion that the judgment pronounced by the Circuit Court of Logan County, sentencing the prisoner to life imprisonment is not void. At most, it could only be erroneous and voidable, but we express no opinion on the question.

Should the petitioner have raised the question of former jeopardy on the trial which resulted in his being sentenced to life imprisonment? The rule relative to the necessity of a special plea of former jeopardy is as follows: If an accused relies on former jeopardy arising by reason of a trial on the same indictment and in the same court, no special plea is necessary. But, if the former jeopardy is based upon a different indictment in the same court or upon a warrant or indictment in another court, a special plea should be tendered. A discussion of this principle will be found in *State* v. *Cross,* 44 W. Va. 315, 319, 29 S. E. 527. See *State* v. *Friedley,* 73 W. Va. 684, 80 S. E. 1112; *Capehart* v. *Mutual Benefit,* 111 W. Va. 317, 322, *et. seq.* 161 S. E. 609; *Williams* v. *Riffe,* 127 W. Va.. 573, 34 S. E. 2d. 21; *State* v. *Warden of House of Correction* (Md.), 64 A. 2d 711; *Ex Parte Zeligson* (Okla.), 287 P. 731; 25 Am. Jur.,

Habeas Corpus, §52; Annotation, 8 A.L.R. 2d 287. Although the petitioner here may have stated orally in the Circuit Court of Logan County, that he had been tried by the justice for the offense of petit larceny involving the same act, he did not offer a special plea to that effect. Applying the rule announced in *State* v. *Cross, supra*, to the instant proceeding, it was the right of the petitioner to plead former conviction before the justice on the warrant issued November 12, 1952. There was nothing in the record of the trial on the indictment heard by the Circuit Court of Logan County to indicate that the petitioner had been theretofore tried by the justice.

The foregoing fully disposes of this proceeding, but because of a high regard for the time honored remedy of habeas corpus involving as it does, human liberty, we think it is not amiss to discuss and appraise other grounds raised in this proceeding.

The question of whether the offenses for which the petitioner was tried by the justice and the Circuit Court of Logan County are identical, calls for an analysis and discussion of Code, 61-3-49. That statute relates to the business of junk dealers. Among other acts, it requires that a purchaser of copper wire or copper trolley wire must secure a bill of sale from the seller. The violator of that provision, under the statute, is declared to be guilty of a misdemeanor and upon conviction, be fined not less than $100.00 nor more than $500.00. Under a proviso contained in the statute, if a person who is not the lawful owner "shall take, transport, sell or offer for sale" any copper wire or copper trolley wires, valued at less than $20.00, it constitutes petit larceny and if the scrap value of such item is $20.00 or more, it constitutes the crime of grand larceny. Code, 61-3-49, purportedly denounces as crimes three acts or courses of conduct: (a) Having in possession property mentioned in that statute without a bill of sale, (b) if a person other than the lawful owner takes, transports, sells or offers for sale junk which includes wire of a scrap value of less than

$20.00, petit larceny, or (c) if the scrap value is $20.00 or more, grand larceny. The petitioner was charged in the justice's court with the crime of having in his possession copper wire without having a bill of sale therefor, and was tried on such charge. He was not tried for the crime of petit or grand larceny of the wire.

The offense charged in the warrant first issued and that charged in the indictment being different, Section 5, Article III of the Constitution of West Virginia does not apply. *State* v. *Taylor,* 130 W. Va. 74, 42 S. E. 2d 549; 15 Am. Jur., Criminal Law, §380. See *State* v. *Angus,* 70 W. Va. 772, 74 S. E. 998. One act or transaction may constitute two offenses which may be separately charged and punished. *Montgomery* v. *United States,* 4 C.C.A., 146 F. 2d 142.

We note that the transcript of the proceedings before the justice shows that he was fined $100.00 and sentenced to 30 days in jail. We have no doubt but that his sentence to imprisonment was unauthorized. We also have grave doubts whether Code, 61-3-49, properly defines any crime, omitting as it does the necessary element of criminal intent. If the trial before the justice was void, petitioner was never in jeopardy in that trial. We do not, however, decide that question in this proceeding.

Another reason alleged in the petition for the writ in the instant proceeding is that there was no preliminary examination. That reason is without merit. *State* v. *Stewart,* 7 W. Va. 731. Such right is not a common law right and may be waived by the accused. *State* v. *Strother,* 89 W. Va 352, 356, 109 S. E. 337. See *State* v. *Mooney and Friday,* 49 W. Va. 712, 39 S. E. 657, and Annotation, 116 A.L.R. 550. The petitioner here, having given bond and later pleading not guilty to the indictment, waived a preliminary examination.

The alleged defects raised in oral argument as existing in the order of sentence may have been asserted in

a petition for a writ of error, which procedure is available to the accused, he having been sentenced on the 12th day of June, 1953. Chapter 31, Article II, Section 19, Acts of the Legislature, 1943, Regular Session, makes it the duty of a prosecuting attorney having knowledge of a former sentence or sentences to the penitentiary to give information to the trial court upon conviction of a felony. Thereupon, "Said court shall, before expiration of the term at which such person was convicted, cause such person or prisoner to be brought before it, and upon an information filed by the prosecuting attorney, setting forth the records of conviction and sentence, or convictions and sentences, as the case may be, and alleging the identity of the prisoner with the person named in each, shall require the prisoner to say whether he is the same person or not. If he says he is not, or remains silent, his plea, or the fact of his silence, shall be entered of record, and a jury shall be impaneled to inquire whether the prisoner is the same person mentioned in the several records. If the jury finds that he is not the same person, he shall be sentenced upon the charge of which he was convicted as provided by law; but if they find that he is the same, or after being duly cautioned if he acknowledges in open court that he is the same person, the court shall sentence him to such further confinement as is prescribed by section eighteen of this article on a second or third conviction, as the case may be."

The Circuit Court of Logan County failed to show by its order that the requirements of Chapter 31 *id.*, as above quoted, were met. The failure of the court to show by such order the procedure outlined above may have been erroneous. We do not decide that question. We are of opinion however, that the failure to obey the terms of Chapter 31 *id.*, does not render the judgment of the Circuit Court of Logan County, sentencing the petitioner to life imprisonment, void. Trial courts should be careful to obey the mandate of applicable statutes in such grave matters as sentencing a person to life imprisonment.

In absence of a showing otherwise, we assume that the Circuit Court of Logan County followed the statute in pronouncing sentence, but omitted through inadvertence, a statement of such action.

We are of opinion that in the circumstances and facts shown in this proceeding, the question of former jeopardy cannot be raised on a proceeding in habeas corpus, and that the crimes with which petitioner was charged, are not identical. The other questions raised herein do not justify or authorize petitioner's discharge from custody.

Accordingly, the writ of habeas corpus ad subjiciendum heretofore awarded, is discharged, and the petitioner is remanded to the custody of the Warden of the West Virginia State Penitentiary.

*Writ discharged.*