# CHARLESTON.

## STATE v. STEWART.

February 25, 1874.

1874.
January Term.

1. If a person, charged with felony, is entitled to be examined before the county court of the county wherein the offence is charged to have been committed, it is too late after verdict of guilty and judgment thereon, against the prisoner, to claim, in the appellate court, for the first time, the right to such examination, and to claim that the judgment of the circuit court should be reversed, and the verdict of the jury set aside, upon the allegation by him, in his petition for the writ of error, that he had not been examined before the county court, upon the charge of felony in the indictment contained, and had not, by his assent, entered of record in the circuit court, dispensed with such examination.

The material facts in the case sufficiently appear in the opinion of the Court.

The Hon. Joseph Smith, judge of said circuit court, presided at the trial below.

*Attorney General Mathews* for the State.

*William A. Quarrier* for the defendant.

HAYMOND, PRESIDENT:

At a regular term of the circuit court held in and for the county of Kanawha, on the 3rd day of November, 1873, an indictment was found against James Stewart, by the grand jury attending upon said court, for a felony, in this, viz: "that James Stewart, on the 10th day of October, 1873, at the county aforesaid, in and upon the body of one Moses Roy, feloniously did make an assault, and him the said Moses Roy, feloniously and maliciously did then and there cut and wound, with in-

tent, him, the said Moses Roy, then there to maim, disfigure, disable, and kill against the peace and dignity of the State.    And also for that the said James Stewart, afterwards, to-wit: on the 10th day of October, 1873, at the county aforesaid, in and upon one Moses Roy, unlawfully did make an assault, and him, the said Moses Roy, did then and there unlawfully, but not maliciously, cut and wound, with intent, him the said Moses Roy, then and there to maim, disfigure, disable and kill, against the peace and dignity of the State." Afterwards on the 6th day of November, and at the same term of said circuit court, the said James Stewart, so indicted, was led to the bar of said circuit court, in custody of the keeper of the jail, and he plead not guilty to the indictment, and thereupon came a jury, who being duly selected and impanelled and sworn, after hearing the evidence and arguments of counsel, found the said James Stewart, guilty, *as alleged in the second count* of the indictment, and fixed the term of his confinement in the penitenfiary at one year.    And they found him *not guilty upon the first count.*    Thereupon the defendant Stewart moved the court to set aside the verdict of the jury and award him a new trial ; and afterwards on the 6th day of November, 1873, the circuit court overruled the motion for a new trial, and rendered judgment upon the verdict of the jury, against the defendant Stewart, that he be taken, by the sheriff of the county, as soon as practicable after the rising of the court, from the county jail, thence to be removed to the penitentiary of the State, there to be kept in confinement for the period of one year.    To this sentence and judgment of the circuit court, the defendant Stewart hath obtained a writ of error, from one of the judges of this Court, during vacation.

The only error assigned here is, that the circuit court erred in rendering judgment against the defendant (Stewart), without his having been previously examined by the county court of Kanawha county, upon the charges contained in the the the indictment, or the fact of his hav-

ng waived such examination not having been entered of record, in the circuit court. The record does not disclose that the defendant at any time, before trial, objected to being tried upon the indictment, upon the ground that he had not been examined for the offense before the county court, according to the provisions of the act of the Legislature, approved April 3, 1873. He did not move to quash the indictment, or do any other act, before trial, by which the attention of the court would be directed to the fact as to whether he had been examined by the county court touching said charge. Nor did the defendant, after verdict against him, upon his motion for a new trial, and before final judgment on the verdict claim or intimate, to the court, that he had not been examined by the county court, upon the charges contained in the indictment, or either of them. The first complaint or intimation from defendant that he had not been examined by the county court upon the charges, or waived such examination upon record, is contained in his petition to this Court for the writ of error.

The first section of the act of 3d of April, 1873, provides that "before any person, charged with a felony, is tried before a circuit court, he shall be examined as hereinafter provided, unless, by his assent, entered of record in such court, such examination be dispensed with." And the second section provides that "every such examination shall be had before the county court of the county having jurisdiction of the offense, at one of the terms held for the trial of causes." According to this act, the examination before the county court may be had before indictment. In chapter one hundred and sixty-nine, section eight, of the revised code of 1819, there is this provision, viz: "Before any person, charged with treason or felony, shall be tried before a superior court of law, he or she shall be examined in the manner prescribed by law, by the court of the county or corporation wherein the offence was committed; unless such examination be dispensed with, by the assent of the

prisoner, entered of record in such superior court." This act was passed 26th February, 1819.

The same provision is found, substantially, in the code of 1860, chapter two hundred and five, section one. It was held by the general court of Virginia in the case of *The Commonwealth v. Joseph Cohen,* that "after a verdict convicting a prisoner of felony, a plea in arrest of judgment that he has not been examined for the offense by a court of competent jurisdiction (alleging that the corporation court by which he was examined had no criminal jurisdiction) ought to be overruled, because the said plea suggests matter making no part of the record, but matter which, if true, is proper for a plea in abatement, or for a motion to quash the indictment." This decision was made at the June term, 1819. See 2 Virginia Cases, 158. Afterwards, the same court, at the November term thereof, 1820, in the case of *Angel v. The Commonwealth,* *held* that, "after verdict against a prisoner, he cannot move in arrest of judgment, that he was not examined for the felony of which he was indicted. The objection comes too late." See 2 Virginia Cases, 231.

Afterwards, at the June term 1822, of same court, it was *held* that "after verdict and judgment, in felony, against a prisoner, he cannot have a writ of error to reverse the judgment, on the ground that he was not examined for the felony of which he was indicted, and has been convicted,"—it is then too late to make the objection. 2 Virginia Cases, 314, case of *Campbell v. The Commonwealth.* So far as I can see, in these cases, the records did not disclose that the defendants had dispensed with the examination, by their assent entered of record.

If a person charged with felony is entitled to be examined before the county court, under the act of April 3, 1873, still it is too late after verdict and judgment against the prisoner, to claim in this Court, for the first time, the right to such examination and to claim that the judgment of the circuit court should be reversed upon the allegation, by him, in his petition, for the writ of

error, that he had not been examined before the county court upon the charge of felony in the indictment contained, and had not by his assent, entered of record in the circuit court, dispensed with such examination. The first and second sections of the act of 3d of April, 1873, and the eighth section of chapter one hundred and sixty-nine of the revised code of Virginia, of 1819, are substantially similar, and I see no reason why they should be construed differently, as to the subject matter under consideration. If a defendant, indicted for felony, desires to claim the benefit of the provisions of the act of 3d of April, 1873, he should do so certainly before verdict of guilty, and, perhaps, before the jury to try the cause are selected, impanelled and sworn. And the defendant should present the fact that he has not been examined, before the county court, or dispensed with the examination, by his assent, entered of record, to the circuit court, in such proper manner, as to show to the court, by the record, that the circuit court passed upon the subject, and denied and refused to allow the defendant his right of examination, if such he is entitled to.

For these reasons there is no error in the judgment of the court below, and the judgment of the circuit court of Kanawha county rendered in this cause on the 6th day of November, 1873, upon the verdict of the jury, against the said James Stewart, must be affirmed.

The other Judges concurred.

JUDGMENT AFFIRMED.