# CHARLESTON

## STATE v. MAY.

Submitted February 20, 1907.    Decided April 23, 1907.

1. HOMICIDE—*Verdict—Sufficiency.*
      On a trial for murder, a verdict which says "We the jury find the defendant, Paris May, guilty as charged in the within indictment," and does not, as required by section 4584, chapter 159, Code 1906, find the degree of murder, is fatally defective; and judgment thereon will be arrested, the verdict set aside and a trial *de novo* awarded.    (p. 130.)

2. CRIMINAL LAW—*Evidence at Preliminary Hearing.*
      Statements by one accused of murder, made as a witness upon a preliminary examination before a justice without formal complaint, upon which examination the justice commits the accused to await the action of the grand jury, must be treated as having been made upon a legal examination, and, if objected to, can not be given in evidence against him on his trial. *State* v. *Welch*, 36 W. Va. 690, distinguished.    (p. 131.)

3. SAME—*Instructions.*
      Although instructions should not single out and give undue prominence to certain facts and ignore others of equal importance; yet, if the facts referred to are decisive of the case, irrespective of other facts and circumstances shown in evidence, such instructions are not erroneous.    (p. 133.)

Error to Circuit Court, Pocahontas County.

Paris May was convicted of murder, and brings error.

*Reversed.*

MIDDLETON & ALBERTSON, and N. C. McNEIL, for plaintiff in error.

CLARKE W. MAY, Attorney-General, and H. S. RUCKER, for the State.

MILLER, JUDGE:

Burley Lamb and Paris May were jointly indicted at the January term of the circuit court, 1906, for the murder of Sine Slyman. The indictment is in the form prescribed by the statute, section 4200, chapter 144, Code 1906. The word "wilfully," descriptive of the offense in the statute, is omitted from the indictment as printed in the record; but a certified copy from the original record thereof shows that the original indictment is not wanting in this word.

May elected to sever on his trial. He was arraigned the day after the indictment, and, after two postponements and three unsuccessful motions for continuance on the ground of absence of witnesses, was put upon trial on January 17th. The trial was concluded on the following day, when the jury returned a verdict as follows: "We the jury find the defendant, Paris May, guilty as charged in the within indictment." A motion was at once entered by the prisoner in arrest of judgment and to set aside the verdict as contrary to the law and evidence, which motion was overruled, and the defendant excepted; and without further preliminaries, the court pronounced judgment that the prisoner be taken to the penitentiary, there confined until May 18, 1906, and then hanged by the neck until dead.

Section 4584, chapter 159, Code 1906, provides that "if a person indicted for murder be found by the jury guilty thereof, they shall in their verdict find whether he is guilty of murder in the first or second degree. If they find him guilty of murder in the first degree, they may in their discretion further find that he be punished by confinement in the penitentiary. If such further finding be not added to their verdict, the accused shall be punished with death, but if added he shall be punished by confinement in the penitentiary during his life."

In this state, where homicide is proven the presumption is that it is murder in the second degree. *State* v. *Cain*, 20 W.

Va. 679; *State* v. *Greer*, 22 W. Va. 800; *State* v. *Doug-
lass*, 28 W. Va. 297; *State* v. *Morrison*, 40 W. Va. 210.
And it is so in Virginia. *State* v. *McDaniel*, 77 Va. 281.
This being so, the statute makes it clear that the prisoner
was entitled to have the jury say by their verdict whether,
if guilty, he was guilty in that degree of murder which au-
thorized the court to pronounce judgment of death upon him.
In *State* v. *Henry*, 51 W. Va. 283, the following verdict
was held to be sufficient: "We the jury find the defendant
S. H. guilty of murder in the *first degree* as charged in the
within indictment." In Virginia it has been held that, if the
jury find the prisoner guilty of murder in the first degree, as
charged in the indictment, without mentioning his name, but,
in the verdict as recorded and read to the jury the name is
inserted, the verdict is sufficient. *Thornton* v. *Com.*, 24
Grat. 657. The statute in Virginia as to the specification of
the degree of murder by the jury is the same as ours. In
*Briggs* v. *Com.*, 82 Va. 554, 561, the court, referring to the
statute, says: "The jury sworn in the case must find the
decree of crime upon the evidence before them upon their
conscience." In *Commonw.* v. *Williamson*, 2 Va. Cas. 211,
it was decided that a verdict which finds a person indicted as
accessory to murder guilty thereof but not whether in the first
or second degree, ought to be set aside and a *venire facias
de novo* awarded. Although the fatal defect of the ver-
dict in this case thus plainly appears and the point was
saved by the motion in arrest of judgment, it has not been
noticed or argued in this Court. In so important a case,
involving the life of the prisoner, the Court does not feel
warranted in shutting its eyes to so fatal a defect in the
verdict.

This error is alone sufficient to reverse the judgment;
but as this case will go back to the circuit court for a
new trial, it is proper we should pass upon other errors
relied upon by the prisoner. We need not, however,
notice the first one assigned, the ruling upon his motions
for a continuance, as it will be immaterial on a subsequent
trial.

The second error relied upon is the admission of the testi-
mony of the justice as to what the prisoner stated before him
on a preliminary examination. On the trial the court, over

the objection of the prisoner, permitted the justice to testify to certain alleged declarations made by him before the justice immediately after the inquest had been held. At that time no warrant had been issued for the prisoner, but a complaint had been lodged with the justice against him. The prisoner was present at an inquest, and the justice says: "When they had taken the evidence for the state I told them to bring up the witnesses they wanted sworn for the defense, and he was sworn and went on the stand." When further asked whether the prisoner was then on trial, he answered that he was, but that the complaint had not been reduced to writing. He says: "We held the inquest that morning, and we could not find anything as to who had committed the crime, and the prosecuting attorney and myself we got to inquiring." Asked on cross-examination if it was on this examination the prisoner was sent up to be tried in the circuit court, he answered that it was. He says the prisoner had no counsel and was conducting his own defense. The prisoner relies upon the provisions of section 20, chapter 152, Code, which says that "in a criminal prosecution other than for perjury evidence shall not be given against the accused of any statement made by him as a witness upon a legal examination." It is claimed by the state that the prisoner voluntarily submitted to this examination, that the examination was not a legal one, and that he is not protected by the provisions of the above statute; and the case of *State* v. *Welch*, 36 W. Va., 690, is relied upon. In that case, after the preliminary examination, the prisoner, when asked by the justice if he wished to make any statement, made the statement given in the evidence; and it was held that such a voluntary statement was admissible on the trial. In the case here, however, the prisoner, who was without counsel, was sworn and requested by the justice to bring on his witnesses; and, although no complaint had been reduced to writing, the justice says it was on this examination he sent up the prisoner to be tried. We do not think the *Welch Case* applicable, therefore. If such examination was a *legal* one, it is perfectly clear that the statements made by the prisoner, as a witness upon such examination, could not be given against him on his subsequent trial. *State* v. *Hall*, 31 W. Va. 505; *State* v. *Legg*, 59 W. Va. 315; *Kirby's Case*, 77

Va. 681. The justice was conducting an examination, under color of a judicial proceeding, in which the prisoner was sworn as a witness; and we think the statute protects him, and that the court erred in admitting the testimony of the justice.

The only other error assigned is the giving of instructions five and six propounded by the state, which are as follows: "Fifth. The court instructs the jury that if they believe from the evidence beyond a reasonable doubt that Sine Slyman came to his death by a gun shot wound inflicted by Burley Lamb, and that the defendant Paris May instigated and planned the killing from ambush, and by threats and menaces compelled the said Burley Lamb to fire the fatal shot which killed the deceased, and that said Paris May borrowed the gun with which the deceased was killed and gave it to the said Burley Lamb, and that the said Paris May was present at the shooting, aiding, counselling and abetting in the commission of the crime when the shot was fired, and cut the pack from the deceased and took his money, watch and pocket-book from the person of the deceased, at the time of the murder, then they will find the defendant, Paris May, guilty of murder in the first degree." "Sixth. The court instructs the jury that while it is dangerous to convict on the uncorroborated testimony of an accomplice, yet, when said testimony is corroborated by other evidence and circumstances such as finding of property and the testimony of other witnesses, they have a right to believe or disbelieve according to the circumstances the testimony of said accomplice." The objection to the instructions is that they single out and give undue prominence to certain facts and ignore others of equal importance in the determination of the case. If subject to such criticism they are not proper (*State* v. *Dodds*, 54 W. Va. 289, and cases cited;) but we do not think they are. The fifth instruction told the jury in effect that, if May instigated and planned the killing from ambush, and by threats and menaces compelled Lamb to fire the fatal shot, he was guilty; and his interests were not affected by calling the attention of the jury to the evidence of his borrowing and giving to Lamb the gun with which the deceased was killed, and of his cutting the pack from the back of the deceased and taking his money, watch and

pocket-book; for if he was guilty of doing the things particularly referred to in the instruction, none of the other facts or circumstances detailed in the evidence before the jury could relieve him of the crime charged, even if they had all been detailed minutely in the instruction. We see no material error in instruction number six.

For the reasons stated, we are of opinion to reverse the judgment, set aside the verdict, and award the defendant a new trial.

*Reversed.*