# CHARLESTON.

STATE *ex rel.* C. E. LIVELY *et al. v.*

HON. JAMES FRENCH STROTHER, JUDGE, ETC. *et al.*

Submitted October 26, 1921.   Decided October 26, 1921.
Opinion filed November 1, 1921.

1. CRIMINAL LAW—*Accused Not Entitled to Copies of Testimony of Witnesses Examined by Prosecuting Attorney.*

   One accused of a crime and brought before the court by its order, is not, by virtue of section 3, chapter 98, Acts 1921, relating to the appointment of shorthand reporters, defining their duties and the uses to which the records made by them may be put, entitled to demand or have at the hands of the

court or its shorthand reporter, copies of the testimony of witnesses examined by the prosecuting attorney as directed by the court and taken down by such shorthand reporter, such proceedings not constituting a preliminary examination authorized by law, nor a case pending in court to which the accused is a party, as prescribed in said statute.   (p. 354).

2.   SAME—*Judges of Criminal or Circuit Courts May Not Conduct Preliminary Hearing, But Can Only Order Accused Taken Before Justice.*

The preliminary hearing to which one accused of a crime is entitled can not be lawfully conducted by the judge of a criminal or circuit court.   By section 1 of chapter 156 of the Code, the limit of the jurisdiction of judges of such courts is to issue their warrants, reciting the accusation and requiring the accused to be brought before a justice of the county, who is authorized to hold such preliminary examination.   (p. 355).

Original proceeding in mandamus by the State, on the relation of C. E. Lively and others, against Hon. James French Strother, Judge of the Criminal Court of McDowell County, to require Lee Pendleton, official court reporter, to turn over a copy of the evidence and statements in his possession, taken upon an alleged investigation by court order and continued before the prosecuting attorney.

*Peremptory writ refused.*

*Litz & Harman, G. W. Howard, M. S. Taylor,* and *W. L. Taylor,* for relators.
.   *G. L. Counts,* for respondents.

MILLER, JUDGE:

The alternative writ, in accordance with the prayer of the petition, commanded the Honorable James French Strother, Judge of the Criminal Court of McDowell County, to require and order Lee Pendleton, official court reporter of said court, and the said Pendleton to deliver and turn over to petitioners and relators or their counsel, a copy of the evidence and statements in his possession, taken by him upon an alleged investigation, begun upon the order of the said court, and continued before the prosecuting attorney of said county, with the aid of said Pendleton acting as such court reporter or

stenographer, touching the crime of murder inflicted upon one Sid Hatfield and one Ed Chambers, of which said respondents had been accused, or show cause, if any they could, why they should not do so.

The right of the petitioners to demand of the court and its reporter copies of said evidence and statements is evidently predicated upon the provisions of chapter 98, Acts 1921, relating to the appointment of shorthand reporters, defining their duties and the uses to which the records made by them may be put. The authority given the court by section one of the act is to employ such reporter "to take and report, under such regulations as said judges, or any of them, may prescribe, the proceedings had and the testimony given in any case, either civil or criminal, or any other proceeding had in such court, including the taking of testimony before the grand jury of such court for the use of the prosecuting attorney of of such court, and in proceedings before the judge of such court in vacation, and otherwise to aid the judge in the performance of his official duties."

Section 3 of said act provides: "Said reporter shall furnish, upon request, to any party to a case, a copy of the testimony or other proceedings, written out in longhand or typewriting, and shall certify the same as being correct, and shall be paid therefor."

The return of the judge, supplemented by that of the reporter, denying the right of the petitioners to copies of the evidence and statements referred to, is that such evidence and statements were not taken before respondent Strother, or in open court, or upon any official or preliminary hearing held by him, and were not taken even in the presence of respondent outside of any official hearing, and that such evidence and statements were regarded by respondent as the private information of the prosecuting attorney, and for his use upon the trial of the petitioners for the alleged murder of said decedents.

As will be observed, the authority of the court is to appoint reporters to take and report "the proceedings had and the testimony given in any case, either civil or criminal," etc. And the right to demand and have a copy of the testimony is

89 W. Va.

given to any party to a case, that is a pending case or proceeding in the court.    Was there such a case pending before Judge Strother or his court, and were the evidence and statements described taken in any such case?    If not, the petitioners would not have the right to demand and receive copies thereof at the hands of respondents.

The. facts disclosed by the petition and the returns are that during the trial of the deceased for an offense, and during the recess of the court, Hatfield and Chambers were shot and killed near the court house, and on reconvening, the court directed the sheriff to bring into court all those who were present and witnessed the shooting, and also directed the prosecuting attorney to examine the witnesses, which he did in the absence of the judge, taking the evidence before the court reporter, who made and furnished copies thereof to the prosecuting attorney and to another attorney, who had been assisting in the defense of Hatfield and Chambers.    On the report of the prosecuting attorney that there was sufficient evidence to justify the holding of petitioners to answer any indictment that might be preferred against them by the grand jury, the petitioners voluntarily appeared on the following day, and without demanding a preliminary hearing, voluntarily entered into a recognizance with sureties for their appearance at the next term of the court to be held in said county.

The contention of petitioners is that the proceeding before the prosecuting attorney, conducted by order of the court, was, or amounted to, a preliminary hearing, to which they were parties, and as such entitled to the relief sought by mandamus.    It could not possibly be a preliminary hearing of the charges of murder made against them, for such preliminary hearing could neither be had before the judge, the court, nor the prosecuting attorney.    The statute nowhere authorizes preliminary hearings before the judge or prosecuting attorney.    By section 1, chapter 156 of the Code, the judge in vacation or term time, or a justice, may issue process for the apprehension of a person charged with an offense, and section 2 thereof says, that on complaint to such officers, and examination of the witnesses and good reason to believe

that an offense has been committed; he shall issue his warrant reciting the accusation and requiring the person so accused to be arrested and *brought before a justice* of the county, before whom only is there any authority given to hold a preliminary examination. Nor is the judge of the court by the statute found authorized to conduct such preliminary hearing. When apprehended upon the order or warrant of the court or judge, petitioners had the undoubted right to demand a preliminary hearing before some justice of the peace, in which event they might possibly of right demand of the reporter copies of the testimony or other proceedings taken down by him. But we do not decide the question, for it is not presented.

The right to a preliminary examination is not a common-law right; 16 Enc. Pl. & Pract. 828; 16 C. J. 322; and may be waived by the accused. *State* v. *Stewart,* 7 W. Va. 731, and cases cited; *Butler* v. *Commonwealth,* 81 Va. 159; 8 R. C. L. 89. By voluntarily appearing and asking the court to admit them to bail, we think the petitioners waived a preliminary examination, at least for the time being. *State* v. *Strauder,* 8 W. Va. 686. Wherefore the examination by the prosecuting attorney, though at the instance of the court, not authorized by law, could not convert that proceeding into a preliminary examination, and give the petitioners a right to demand of the reporter or of the judge copies of the testimony and proceedings thus conducted.

Our conclusion is to deny the peremptory writ.

*Peremptory writ refused.*