## CHARLESTON.

STATE *v.* PAUL STROUD

(No. 6279)

Submitted September 10, 1929.  Decided September 17, 1929.

*Ashworth & Crouse,* for plaintiff in error.

LIVELY, JUDGE:

This writ is to a judgment sentencing the defendant, Paul Stroud, to three years in the penitentiary upon his conviction on a charge of arson.

Defendant Stroud was indicted for feloniously burning a dwelling house of J. R. Abshire, on the 28th day of July, 1927, which house was located about one-half mile from the hard road between Beckley and Harper, in Raleigh county.

The fire occurred about noon of that day while all the occupants of the dwelling were absent. Upon the trial, evidence was introduced which showed that the defendant was seen about one-half mile from the dwelling either just before or just after the burning. A short time before the fire he was seen going in that direction in a yellow automobile, and was also observed returning from the same direction not long after the burning began. The tracks of an automobile which corresponded with the tracks made by defendant's car were traced to within about three-quarters of a mile of the dwelling. It was also shown that some controversy existed between Stroud and the occupant of the burning building, concerning the removal of some property on the premises which was claimed, and possibly owned, by Stroud's mother. The other evidence against defendant, which was extremely damaging, consisted of what purports to be a confession made by defendant in writing before Howard M. Welcher, assistant state fire marshal, who conducted an examination to ascertain the cause of the fire. The taking of this alleged confession was testified to by Welcher, the stenographer who took it down, and a member of the state police who was present at the examination, and who afterwards, on the same day, arrested defendant on a charge of arson. The alleged confession was in the form of answers to questions propounded by Welcher. All of this evidence was strenuously objected to and proper bills of exceptions were taken thereto.

The principal assignment of error is that this alleged confession and the evidence concerning its taking was not proper evidence and should have been excluded on motion of defendant, because the statements attributed to defendant were rendered inadmissible by section 20, chapter 152 of the Code. That section provides that "In a criminal prosecution other than for perjury, evidence shall not be given against the accused of any statement made by him as a witness upon a legal examination."

Was the alleged confession made by the defendant as a witness upon a legal examination? It has been held that an investigation by a coroner is a legal examination within the meaning of the statute, *State* v. *Hobbs,* 37 W. Va. 812;

likewise that a statement by accused made as a witness upon preliminary hearing before a justice without formal complaint against the accused, could not, under the statute, be admitted, over objection, against him on his trial. *State* v. *May*, 62 W. Va. 129. A legal examination as contemplated by section 20, chapter 152, Code, apparently has reference to any investigation conducted according to and under the authority of law. Without attempting to decide just what examinations are included within the scope of this section, we are of the opinion that unquestionably the investigation in the instant case, which was in the nature of a *quasi* judicial proceeding conducted under authority of chapter 48-A, Code (Fire Marshal Law), in which the defendant was sworn as a witness, after having been duly summoned to appear before the assistant fire marshal, was a legal examination within the meaning of the Code provision quoted above. It was certainly as much of a legal examination as that of a coroner in conducting his inquest. A mere statement of the powers and duties of the fire marshal, deputy fire marshal and assistant fire marshals under this statute compels this conclusion. Under sections 7 and 8 of this chapter, the state fire marshal, deputy fire marshal, and assistant fire marshals have the power in making their investigations to summon and compel the attendance of witnesses and administer oaths to them. And under section 9, any witness who fails to appear after having been duly summoned or who appears and is guilty of contemptuous conduct may be punished for contempt. Furthermore, under section 6, when in the opinion of the officers named, there is sufficient evidence to charge any person with the crime of arson or incendiarism, they shall arrest or cause such persons to be arrested and charged with such offense, and shall furnish to the proper prosecuting attorney all the information in their possession, and assist the prosecution in the trial of the case.

The evidence of the alleged confession purported to have been made by the defendant before assistant fire marshal Welcher, was clearly inadmissible for the reasons stated above, and as under the facts and circumstances of the instant case,

594

its admission was highly prejudicial to the defendant, the judgment will be reversed, the verdict set aside, and a new trial awarded.

*Reversed; verdict set aside; new trial awarded.*