STATE OF WEST VIRGINIA *v.* ARNOLD SHADE

(No. 8704)

Submitted January 18, 1938. Decided February 15, 1938.

S. *Woods Byrer* and *Harry H. Byrer,* for plaintiff in error.

*Clarence W. Meadows,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for the State.

HATCHER, JUDGE:

This case involves the application of Code, 57-2-3, which forbids evidence to be given against the accused in a criminal prosecution (other than for perjury) "of any statement made by him as a witness upon a legal examination."

Arnold Shade was convicted and sentenced upon a charge of forging the name of Robert Morrow to a check. At the trial, the justice who had conducted a preliminary hearing of the charge testified as follows: "I had him (Shade) on the stand and he was testifying. * * * I gave him a piece of paper * * * and pencil, and asked him to write 'Robert Morrow', and he did. * * * He was not off the stand." Whereupon the state was permitted to introduce in evidence the paper and in connection therewith the opinions of experts that the "Robert Morrow" on the paper and on the check, respectively, had been written by the same hand.

The state contends that since the justice *supervised* the writing, its use was permissible under Code, 57-2-1, which provides that in any criminal action, a writing

"proved to the satisfaction of the judge to be in the handwriting of the person who is alleged to have written it, and not for purpose of comparison, except under the supervision of the judge, may be used," etc. The term "the judge", as employed in this statute, refers to the trial judge. Therefore, the statute cannot apply, because the writing (a) was requested by the justice for the express purpose of comparison, and (b) was not done under the supervision of the trial judge. Shade wrote while a witness *upon a legal examination;* his writing was in practical effect *his statement* of how he wrote the name "Robert Morrow"; therefore, use of the writing against him at the trial was banned by Code, 57-2-3. *State* v. *Hall,* 31 W. Va. 505, 7 S. E. 422; *State* v. *May,* 62 W. Va. 129, 57 S. E. 366.

The record brought here by Shade contains only the evidence referred to, and this was taken after the state had initially rested its case. The state contends that, since all the evidence is not before us, we are not in position to say that the use of the writing was prejudicial to him. When the state had first rested, he moved to strike. The court then asked the prosecuting attorney "what evidence have you that the defendant forged Robert Morrow's name?" Without pointing out such evidence, the prosecuting attorney announced that he had additional evidence, just discovered, and asked that the case be re-opened, which was done. Thereupon, the writing and the evidence relating thereto followed. The question by the court sufficiently indicates that evidence of the forgery, if any, theretofore introduced was not at all impressive. Therefore, the subsequent evidence was necessarily material, and as such, prejudicial to Shade.

The judgment is reversed, the verdict set aside and a new trial awarded.

*Judgment reversed; verdict set aside; new trial awarded.*