**Haymond H. GUTHRIE, Petitioner,**

**v.**

**Otto C. BOLES, Warden of the West Virginia State Penitentiary, Respondent.**

**Civ. A. No. 696–E.**

United States District Court
N. D. West Virginia.

Jan. 4, 1967.

No appearance for petitioner.

C. Donald Robertson, Atty. Gen. of West Virginia, Larry L. Skeen, Asst. Atty. Gen., Charleston, W. Va., for respondent.

**MAXWELL, Chief Judge.**

In deciding this petition for a writ of habeas corpus the Court is required to determine the effect of Petitioner's claim that in the first of his two West Virginia convictions he was denied a preliminary hearing and in the second he appeared before the Justice of the Peace for a preliminary hearing and waived same without assistance of counsel.

The sheer volume of claims identical, or at least strikingly similar, to those presented here, suggests that the Court make a comprehensive examination of the role of the preliminary hearing in the criminal procedure of West Virginia.

It is hoped that this effort will appropriately focus on these issues and perhaps resolve, if resolution is necessary, the misunderstanding and confusion that apparently surrounds, at least in some quarters, West Virginia's preliminary hearing procedure in criminal cases.

It is this Court's opinion that in West Virginia the absence of a preliminary hearing, the absence of counsel at a preliminary hearing or the waiver of a preliminary hearing without the advice of counsel do not unequivocally and categorically constitute grounds for federal habeas corpus relief, where the petitioner has been properly indicted and fairly convicted, either by plea of guilty or jury trial. There are extenuating circumstances, some of which are considered herein, that could and would nevertheless alter this general rule in West Virginia.

The general rule is grounded upon a recognition of the purpose of the federal writ of habeas corpus and the nature of the preliminary hearing in West Virginia.

Habeas corpus is a device to test the legality of the petitioner's detention. If the person detained has been deprived of his liberty in a lawful manner, e. g., indictment, trial and conviction; or indictment, plea of guilty and conviction, he has no grounds for habeas corpus relief. Alleged irregularities which precede a fair conviction generally are of no consequence in deciding the validity of the detention. It is only when the irregularities have permeated the conviction and deprived it of its fairness that the irregularities may be the basis of habeas corpus relief.

In West Virginia the responsibility for conducting preliminary hearings or examinations is, by statute, vested with

the Justice of the Peace [1] or a mayor or judge of a police court acting in the capacity of Justice of the Peace.[2] The purpose of the preliminary examination is to determine probable cause and to set bail if appropriate.[3] It is specifically provided that "[t]he defendant shall not be called upon to plead (at the preliminary examination)." [4] Although this specific prohibition against the defendant entering a plea was first enacted in 1965, it appears, as this Court noted in Bowen v. Boles, 258 F.Supp. 111 (N.D. W.Va.1966), that this was an acknowledgment and codification of pre-existing law and practice in the State.[5]

■ There is no federal constitutional right to a preliminary hearing.[6] West Virginia, as earlier noted, has statutorily provided a limited purpose preliminary hearing, generally designed to ascertain whether there are reasonable grounds to believe that a crime has been committed; whether there is probable cause

to believe the accused committed it; and to determine the propriety and amount of bail in case the accused is held to answer the action of a grand jury. Of equal, if not greater, importance is the preliminary hearing's function of weeding out groundless and unsupported charges, thereby relieving the accused of the degradation and expense of being held to answer a baseless charge. The significance of this latter function is apparent in view of the ready availability of warrants, properly so, and the infrequency with which grand juries meet, in most counties three or four times a year.

A comparison of the functions of the preliminary hearing and grand jury proceedings makes it clear that the right to and benefit from a preliminary hearing in West Virginia are temporary creatures. The West Virginia Constitution provides that no person can be proceeded against on a felony charge except by

1. W.Va.Code, § 62-1-8 (Michie 1966) "If the offense is to be presented for indictment, the preliminary examination shall be conducted by a justice of the county in which the offense was committed within a reasonable time after the defendant is arrested, unless the defendant waives examination." W.Va.Code, Ch. 62, Art. 1 (Michie 1961).

W.Va.Code, § 2-2-10 (Michie 1966) "The following rules shall be observed in the construction of statutes, unless a different intent on the part of the legislature be apparent from the context; (g) The word 'justice' is equivalent to the words 'justice of the peace,' * * * "

2. W.Va.Code, § 62-1-10 (Michie 1966).

3. W.Va.Code, § 62-1-8 (Michie 1966) "If the defendant waives preliminary examination or if, after hearing, it appears from the evidence that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the justice shall forthwith hold him to answer in the court having jurisdiction to try criminal cases. If the evidence does not establish probable cause, the defendant shall be discharged." W.Va.Code, § 62-1-8 (Michie 1961). W.Va.Code, § 62-1C-1, Right to bail; review (Michie 1966).

4. W.Va.Code, § 62-1-8 (Michie 1966).

5. See W.Va. Constitution, Article 8, § 28 and W.Va.Code § 50-18-1, Offenses within criminal jurisdiction of justices; penalties. (Michie 1966) and annotations therein for the constitutional and statutory grants of criminal jurisdiction to Justices of the Peace. See also, State v. McKain, 56 W.Va. 128, 49 S.E. 20 (1904), where it is stated that "[t]he jurisdiction of justices [justices of the peace] is conferred by statute. They can lawfully exercise none not so granted. They have no common-law powers." Cf., Ex Parte Gilbert, 78 W.Va. 658, 90 S.E. 111 (1916).

6. "We do not find that the Supreme Court has ever held that an accused has a constitutional right to a preliminary hearing. On the contrary, we construe the opinions (citing U.S. Supreme Court cases) as saying that an accused has no such constitutional right. This Court has held that no such constitutional right exists." Dillard v. Bomar, 342 F.2d 789 (6 Cir. 1965). "In the first place, there exists no constitutional right to demand a preliminary hearing prior to indictment or trial." Odell v. Burke, 281 F.2d 782 (7 Cir. 1960), cert. denied 364 U.S. 875, 81 S.Ct. 119, 5 L.Ed.2d 96, rehearing denied 372 U.S. 932, 83 S.Ct. 875, 9 L.Ed. 2d 736.

indictment of a grand jury.[7] Once an indictment has been returned, the function of the preliminary hearing, to determine probable cause, has been rendered superfluous. Once the indictment has been returned, the question of probable cause has been resolved against the accused. The need for a preliminary hearing has ceased. The accused is then properly and lawfully detained under the authority of the indictment, and accused's right to claim a preliminary hearing, or to complain of having been denied one, has passed with the need for the hearing. For a general discussion of preliminary hearing see 21 Am.Jur. 2d, Criminal Law, Sections 442–451. This is true where the accused is in custody when the indictment is returned or where he is taken into custody under the authority of the indictment.

The West Virginia courts have properly recognized the ephemeral nature of the preliminary hearing and have refused claims for relief based upon denial of a preliminary hearing, where the defendant was indicted and convicted.[8] Additionally, West Virginia Code, § 62–2–1 (Michie 1966) provides that "[t]he trial of a person on a charge of felony shall always be by indictment; and indictment may be found in the first instance, *whether the accused has been examined or committed by a justice or not*." (Emphasis added). The West Virginia rule finds ample support in the cases decided by this and other federal courts.[9] An important case among the federal decisions is Barber v. United States, 142 F.2d 805 (4 Cir. 1944) where the Court said: "The only purpose of a preliminary hearing is to determine whether there is sufficient evidence against an accused to warrant his being held for action by a grand jury; and, after a bill of indictment has been found, there is no occasion for such hearing."

In resolving the question of absence of counsel at a preliminary hearing the Court is guided by White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 923 (1963), and Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). These cases consider the factors which may make a preliminary hearing so "critical" a stage that the defendant is entitled to appointment of counsel.

In *White*, the accused entered a plea of guilty at his preliminary hearing, a time when he was not represented by counsel. Counsel was later appointed and the accused pleaded not guilty at his formal arraignment, but the plea of guilty was introduced into evidence at his trial. The Court set the conviction aside and ruled "Whatever may be the normal function of the 'preliminary hearing' under Maryland law, it was in this case as 'critical' a stage as arraignment under Alabama law [Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961)]. For petitioner entered a plea before the magistrate and that plea was taken at a time when he had no counsel." The following quote from *White* fully explains why the preliminary hearing was "critical." "Only the presence of counsel could have enabled this accused to know all the defenses available to him and to plead intelligently."

In *Pointer*, the Court discussed, but did not decide the question of whether

**7.** W.Va.Const., Art. 3, § 4. See also U.S. Const., 5th Amend. and W.Va.Code, § 62–2–1 (Michie 1966).

**8.** State ex rel. Lovejoy v. Skeen, 138 W.Va. 901, 78 S.E. 456 (1953); State ex rel. Lively v. Strother, 89 W.Va. 352, 356, 109 S.E. 337; State v. Mooney and Friday, 49 W.Va. 712, 39 S.E. 657; State v. Stewart, 7 W.Va. 731 (1874).

 Although the court spoke in Lovejoy, supra, of the petitioner having "waived" the right to a preliminary hearing by giving bond and pleading to an indictment, it is clear from the authorities relied upon by the court that no talismanic effect is given the posting of bond. See State v. Mooney, supra.

**9.** United States ex rel. Lawson v. Skeen, 145 F.Supp. 776 (N.D.W.Va.1956); United States v. Smith, 357 F.2d 318 (6 Cir. 1966); United States v. Smith, 343 F.2d 847 (6 Cir. 1965); Dillard v. Bomar, 342 F.2d 789 (6 Cir. 1965).

the preliminary hearing was in Texas so "critical" as to require appointment of counsel. There the Court reaffirmed the significance of whether or not the accused could enter a plea at the preliminary hearing.[10]

This Court understands the rule of *White* and *Pointer* to be that a preliminary hearing is "critical" when defenses, not asserted at the hearing, are lost or when a guilty plea is accepted at the hearing and used at a subsequent trial.[11] By this rule West Virginia's preliminary hearing is not a "critical" stage, and an otherwise proper and fair conviction will not be invalidated simply because the defendant was denied assistance of counsel at his preliminary hearing. In support of this conclusion, attention is directed to the language of West Virginia Code, § 57–2–3 (Michie 1966), which provides that "(i)n a criminal prosecution * * * evidence shall not be given against the accused of any statement made by him as a witness upon a legal examination."

Under this section a preliminary examination before a justice is a "legal examination" and statements made by an accused at such an examination would be inadmissible at a subsequent criminal prosecution. State v. May, 62 W.Va. 129, 57 S.E. 366 (1907).[12] The criminal jurisdiction of the Justice of the Peace is specifically set out, and powers not granted do not exist.[13] Nowhere has this Court found authority in a Justice of the Peace to accept tendered defenses in felony cases. Such power is inconsistent with the function of the preliminary hearing in West Virginia. Nor has the Court found law that would cause any defense to be lost to the accused because he had not asserted it at the preliminary hearing. It is equally as clear that a Justice of the Peace does not have the authority to accept a plea in a felony case.[14]

For these reasons, the denial of assistance of counsel at a West Virginia preliminary hearing is not, *per se*, a federally cognizable ground for habeas

10. "But the State informs us that at a Texas preliminary hearing, such as is involved here, pleas of guilty or not guilty are not accepted and that the judge decides only whether the accused should be bound over to the grand jury and if so whether he should be admitted to bail. Because of these significant differences in the procedures of the respective States, we cannot say that the White case is necessarily controlling as to the right to counsel. Whether there might be other circumstances making this Texas preliminary hearing so critical to the defendant as to call for appointment of counsel at that stage we need not decide on this record and that question we reserve." Pointer v. State of Texas (1965), 380 U.S. 400 at 402, 85 S.Ct. 1065 at 1067.

11. "In our view, Hamilton and White teach that an accused is denied rights afforded him under the sixth amendment when he is subjected to an arraignment or to a preliminary hearing without the assistance of counsel, where events transpire that are likely to prejudice his ensuing trial." DeToro v. Pepersack, 332 F.2d 341 (4 Cir. 1964), cert. denied 379 U.S.

909, 85 S.Ct. 198, 13 L.Ed.2d 181. See also Vess v. Peyton, 352 F.2d 325 (4 Cir. 1965).

12. Writing the forged name when accused of forgery, and while a witness before a justice, has been held in practical effect to be a statement and thus at trial inadmissible. State v. Shade, 119 W.Va. 600, 195 S.E. 338 (1938). The same rule has been applied to a fire marshal's examination [State v. Stroud, 107 W.Va. 591, 149 S.E. 674 (1929)], and to a coroner's investigation [State v. Hobbs, 37 W.Va. 812, 17 S.E. 380 (1893)], and testimony given by an accused before a grand jury is also inadmissible under this section [State v. Crowder, 146 W.Va. 810, 123 S.E.2d 42 (1961)]. A prosecutor is likewise precluded from indirectly attempting to employ during cross-examination a transcript of a defendant's testimony before a justice by using it to contradict the defendant's trial testimony, as such procedure comes within the inhibition of the statute. State v. Price, 113 W.Va. 326, 167 S.E. 862 (1933).

13. See F.N. 5, supra.

14. See F.N. 4 and 5, supra.

corpus relief.[15] This rule does not overlook the possibility that a Justice of the Peace could, by exceeding his authority, create a potential for prejudice to the accused. If this potential were realized, the state court or this Court can under those particular circumstances find the proceeding to have been "critical."[16] For example, if the Court were presented with a situation where a plea was taken at the preliminary hearing and introduced into a trial which resulted in the accused's conviction, then *White* would compel this Court to find that particular preliminary hearing "critical." Such an instance would be a deviation from the normal function of the preliminary hearing and outside the general rule in West Virginia and the facts of this case.

 Having found that the outright denial of a preliminary hearing does not merit federal habeas corpus relief, this Court does not find that the absence of counsel, standing alone, when a preliminary hearing is waived, merits relief. At best, the absence of counsel can be designated as the reason why, or manner in which, the right to a preliminary hearing was waived.

 In his petition Petitioner sets out two claims. The first is that his conviction in Barbour County, West Virginia, is bad because he was denied the right to a preliminary hearing on that conviction. Respondent's answer shows that Petitioner was arrested on a capias issued on June 21, 1963, by the Barbour County Circuit Court after the Grand Jury of that county had returned an indictment the same day for breaking and entering against Petitioner. On June 28, 1963, Petitioner, after having been appointed counsel to represent him, entered a plea of guilty to the charge in the indictment.[17]

Petitioner's second claim is that he did not have the assistance of counsel at his waiver of a preliminary hearing before a Justice of the Peace held shortly after his arrest and which preceded his indictment, arraignment and conviction in the Circuit Court of Upshur County. Respondent's answer includes a copy of the "Transcript of Docket-Criminal" chronicling the events of the proceeding before a Justice of the Peace of Upshur County after Petitioner's arrest on a complaint and warrant charging breaking and entering in that county. The "Transcript of Docket-Criminal" shows that Petitioner waived a preliminary hearing at that time. It is unnecessary for the Court to develop further this apparent factual issue because in either event, as an issue of law, Petitioner would not be entitled to relief. After Petitioner was indicted, as his petition shows, he was represented by counsel in the state trial court prior to, at the time of, and subsequent to his arraignment.

For the reasons set out in this opinion, Petitioner's claimed deprivations are determined not to be sufficient grounds for federal habeas corpus relief. An order will be entered denying the relief sought and dismissing this petition.

15. See F.N. 11, supra, and Chester v. People of State of California, 355 F.2d 778 (9 Cir. 1966); United States ex rel. Maisenhelder v. Rundle, 349 F.2d 592 3 Cir. 1965); Burnside v. State of Nebraska, 346 F.2d 88 (8 Cir. 1965); Downing v. New Mexico State Supreme Court, 339 F.2d 435 (10 Cir. 1964); United States ex rel. Cooper v. Reincke, 333 F.2d 608 (2 Cir. 1964).

16. See Sigler v. Bird, 354 F.2d 694 (8 Cir. 1966).

17. This is Petitioner's second petition before this Court. On October 18, 1965, Petitioner was accorded a plenary hearing on his claim that the assistance of the attorney appointed to represent him on the Barbour County charge was so ineffective as to render his guilty plea involuntary. This Court found after a plenary hearing on that claim that Petitioner had been effectively represented by counsel and that his plea of guilty had been voluntarily entered. See Guthrie v. Boles, Civil Action File No. 440–E (N.D.W.Va.1965).