**Alvie TAYLOR, Petitioner,**

v.

**Frank B. KING, Warden of the West Virginia Medium Security Prison, Respondent.**

**Civ. A. No. C–67–62–E.**

United States District Court
N. D. West Virginia.

Aug. 7, 1967.

No attorney for petitioner.

C. Donald Robertson, Atty. Gen. of West Virginia, Morton I. Taber, Asst. Atty. Gen., Charleston, W. Va., for respondent.

MAXWELL, Chief Judge.

Petitioner Alvie Taylor is serving an indeterminate sentence of not less than one nor more than ten years in the West Virginia Penitentiary at Moundsville, [1] imposed after he entered a plea of guilty to breaking and entering in the Intermediate Court of Kanawha County, West Virginia, in 1966.

Taylor's petition for habeas corpus relief complains, in part, that he had not been "duly cautioned or advised" of his rights, that he had been refused counsel, that the state trial court refused to set bail, and that he had been "held in jail two months without counsel, bail or visitors."

Although this inartfully drawn petition did not specifically challenge the voluntariness of Taylor's guilty plea, the Court, mindful that Petitioner was proceeding without counsel, concluded that the series of allegations fairly suggests

1. When this action was initiated Petitioner was confined at the Medium Security Prison at Huttonsville. By letter, received on June 20, 1967, Taylor notified the Court that he had been transferred to the West Virginia Penitentiary at Moundsville. To conform to the current situation, an order will be entered adding Otto C. Boles, Warden of the West Virginia Penitentiary, as Respondent.

additional allegations. Consequently, the Court, in its order to show cause issued on June 5, 1967, found that "Petitioner appears to allege that he was denied the effective assistance of counsel and a fair opportunity to prepare his defense, which denials may have infected the voluntariness of Petitioner's guilty plea."

In short, the Court inquired as to whether Taylor had sufficient time and legal assistance to prepare his defense and make an intelligent decision to plead guilty or not guilty. Compare Turner v. State of Maryland, 318 F.2d 852 (4 Cir. 1963); and Martin v. Commonwealth of Virginia, 365 F.2d 549 (4 Cir. 1966). Respondent was directed to answer the petition in light of its apparent implications.

Having received and studied the answer[2] filed by Respondent, the Court is now satisfied that there is no substance to the allegations in the petition, even when considered in the framework of the Court's earlier characterization of the petition as a challenge to the voluntariness of Taylor's plea.[3]

The chronology of events, insofar as they are pertinent to the present inquiry, began with a citizen's arrest of Petitioner on the evening of January 11, 1966. After a brief chase, Taylor, who had been seen reaching into the broken display window of a jewelry store, was apprehended with stolen goods in his possession. (Respondent's Exhibit No. 22, pages 6–22.)

The following day Taylor was brought before a municipal court judge for a preliminary hearing. Petitioner waived the hearing and was bound over for grand jury action. (Respondent's Exhibit No. 5.) A grand jury did not return an indictment against Taylor until March 3, 1966, nearly two months after his arrest.

Petitioner, being indigent, was appointed counsel on March 9, 1966. (Respondent's Exhibit No. 7.) A second attorney was appointed to represent Taylor on March 18, 1966. (Respondent's Exhibit No. 8.) In the company of this second attorney Petitioner entered a plea of not guilty on April 25, 1966, and the case was set for trial on May 6, 1966. (Respondent's Exhibit No. 12.)

After the first attorney departed the case, a third attorney was appointed for Taylor on May 5, 1966, and the trial date was continued until May 16, 1966. (Respondent's Exhibits No. 14 and 15.) spondent's Exhibits Nos. 14 and 15.)

On May 16, 1966, a jury was impaneled and the trial was recessed to the following day. (Respondent's Exhibit No. 16.) Next day, pursuant to a motion to suppress certain evidence, made earlier on April 19 (Respondent's Exhibits No. 11 and 11–A), a hearing was held in chambers in which Petitioner was represented by two attorneys—the second and third attorneys appointed.

The transcript of that hearing, filed as Respondent's Exhibit No. 22, reveals that testimony was given by the citizen who first saw a man reaching into a broken jewelry store window (T. p. 7) and then apprehended the fleeing thief who turned out to be Petitioner.

After some further testimony, the state trial court denied the motion to suppress the jewelry found on Taylor's person (T. p. 41), and Petitioner moved to withdraw his plea of not guilty and enter a plea of guilty (T. p. 42). The court then satisfied itself that Petitioner understood the charges against him, the

---

2. The Court has also considered Petitioner's traverse, filed on July 10, 1967, and a "Supplement statement of facts in support of habeas corpus petition," filed on July 13, 1967. Neither of these papers, however, contained any new allegations of substance.

3. A factual controversy exists whether Petitioner has fully exhausted his state court post-conviction remedies. See Respondent's answer at paragraph 3, and Petitioner's traverse, paragraph V. However, inasmuch as the Court finds against Petitioner on the merits, no interest of comity is served by dismissing on this procedural basis.

possible penalty, and his right to a jury trial. Having also made sure that Petitioner's plea was made voluntarily without promise or threat, the court accepted Taylor's plea of guilty. (T. pp. 42–43.) See also Respondent's Exhibit No. 17.

In view of the events here recounted, it can readily be seen that the implication first drawn from Petitioner's allegations—that his guilty plea was involuntary, cannot now be supported. It is clear not only that there was no undue haste or lack of time for attorney consultation and investigation, cf. Martin v. Commonwealth of Virginia, 365 F.2d 549 (4 Cir. 1966), but that the devastating eyewitness account of the citizen, who arrested Taylor in the act of breaking and entering, made a jury conviction almost certain had Taylor gone to trial.

Under the circumstances, the allegations in the petition in no way warrant the conclusion that Petitioner may have involuntarily pleaded guilty.[4]

Having disposed of the major issue, the Court now turns to each of Petitioner's specific allegations. In light of Petitioner's supplemental statement, it appears that the alleged denial of counsel occurred before the municipal court when Taylor waived preliminary hearing. If this allegation is true, no federal constitutional right was violated thereby, since a preliminary hearing in West Virginia is generally not a "critical stage" where counsel is needed, and since no prejudice resulting from the alleged denial has been shown. Guthrie v. Boles, 261 F.Supp. 852 (N.D.W.Va.1967).

The denial of bail is also of no constitutional consequence, now that Taylor is incarcerated under a lawful conviction.

His alleged isolation from visitors as well as counsel for over two months, disputed by Respondent in paragraph 5(b) of the answer, again under the facts of this case, suggests no prejudice where there is no evidence of a confession given, and, more importantly, where Petitioner had counsel for over two months prior to the entry of his guilty plea.

An order will be entered dismissing the petition.

---

4. Indeed, Petitioner himself has admitted earlier in a letter written on September 30, 1966, to the state court judge who accepted his plea and sentenced him (a copy of which is included on pages 30 and 31 of Respondent's Exhibit No. 2), that he had intelligently entered his guilty plea on the advice of his two attorneys.