James Calvin **WILLIAMS**, Petitioner,

v.

**Ira M. COINER, Warden of the West Virginia State Penitentiary,** Respondent.

Civ. A. No. C–68–13–E.

United States District Court
N. D. West Virginia.
June 17, 1968.

**398**

———◆———

Milford L. Gibson, Elkins, W. Va., for petitioner.

C. Donald Robertson, Atty. Gen. of West Virginia, Morton I. Taber, Asst. Atty. Gen., Charleston, W. Va., for respondent.

MAXWELL, Chief Judge.

Petitioner is currently serving a twenty-five year sentence in the West Virginia State Penitentiary at Moundsville. The sentence was imposed by the Common Pleas Court of Cabell County on February 28, 1964, after Petitioner had entered a plea of guilty to a charge of armed robbery.

Pursuant to Title 28, Section 2254, United States Code, Petitioner now seeks relief under federal habeas corpus. An attorney was appointed and an evidentiary hearing was held on June 11, 1968, in this Court, sitting at Elkins.

Petitioner alleges that, at the time of his statement to the police, he was (1) without counsel, and (2) was not advised of his federal constitutional rights. As to his first claim, Petitioner testified that the police allowed him to contact an attorney whom he did not employ because of the fee involved. Petitioner made no further request for an attorney. He also testified as to the second contention that he *was* advised that any statement he gave could be used against him.

Petitioner further urges in support of the prayer of his petition that his guilty plea was coerced by a promise of a ten to twenty year sentence rather than the ninety-nine year sentence which could be imposed should a jury find him guilty. Under West Virginia law existing at the time, only a minimum ten years sentence is provided, with the maximum, short of the death sentence, left to the judgment of the state trial judge. West Virginia Code 61–2–12. The record of the arraignment proceedings in the Common Pleas Court of Cabell County, when Petitioner made his plea, includes an explanation by the judge of the possible sentences:

Q. "You understand that (indictment) charges an offense that is punishable by confinement from 10 years up to as much time as the court sees fit to give you, do you understand that?"

A. "Yes, sir."

\* \* \* \* \* \*

Q. "He (Petitioner's attorney) has explained to you, I take it, that you are entitled to a jury trial if you desire it and that in entering a plea to this you will possibly be sentenced from ten to 99 years in the penitentiary, do you understand that?"

A. "Yes, sir."

Q. "You understand of course that you don't have to enter a plea of guilty and that you are entitled to a trial by a jury if you desire it?"

A. "Yes, sir."

(From Respondent's Exhibit #3)

At the hearing Petitioner testified he knew the possible penalty when he entered his plea. He did not know who told him a plea of guilty meant a lesser sentence.

▋ On the basis of the evidence presented at the hearing and in the record, this Court finds inadequate the grounds for relief under federal habeas corpus. From Petitioner's own testimony it appears that he was not denied an attorney during the questioning, that he was warned of the consequences of any admissions, before he made a statement, and that he was aware of the statutory penalty, his right to a jury trial and the possible maximum sentence in his case when he entered a plea of guilty.

The final ground upon which relief is sought insists that Petitioner was denied counsel at his preliminary hearing prior to his indictment. As indicated in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), the Sixth Amendment guarantee of counsel for the defense of an accused applies to all "critical" stages of the proceedings against an accused. The test used to determine whether a pretrial confrontation between the accused and the accusor is a "critical" stage entitling the accused to counsel is whether "counsel's absence might derogate from the accused's right to a fair trial." *Wade*, supra, at 226, 87 S.Ct. at 1932. Does the pretrial confrontation affect the trial in any way? Is there "potential substantial prejudice" to the accused's rights inherent in the confrontation? Would counsel be able to help avoid the prejudice?

Whether the preliminary hearing as provided for in Chapter 62, Article 1, Section 8, W.Va.Code (Michie 1966) is such a critical stage that the absence of counsel would entitle Petitioner to relief under federal habeas corpus depends upon the role of the preliminary hearing. As this Court has pointed out in Guthrie v. Boles, 261 F.Supp. 852, 856 (N.D.W.Va., 1967), the preliminary hearing in West Virginia "is not a 'critical' stage." In West Virginia the accused does not enter a plea at the preliminary hearing. The justice of the peace who conducts the preliminary hearing does not have the power to hear defenses. No defense is lost to the accused on the basis of the preliminary hearing. A statement made by the accused in a preliminary hearing cannot be used against him in a criminal prosecution, Chapter 57, Article 2, Section 3, W.Va.Code (Michie 1966); State v. May, 62 W.Va. 129, 57 S.E. 366 (1907). A grand jury indictment is necessary before a person can be proceeded against on felony charges, W.Va. Constitution, Article 3, Section 4; Chapter 62, Article 2, Section 1, W.Va.Code (Michie 1966).

The purpose of the preliminary hearing is

\* \* \* to ascertain whether there are reasonable grounds to believe that a crime has been committed; whether there is probable cause to believe the accused committed it; and to determine the propriety and amount of bail in case the accused is held to answer the action of a grand jury. Of equal, if not greater, importance is the preliminary hearing's function of weeding our groundless and unsupported charges, thereby relieving the accused of the degradation and expense of being held to answer a baseless charge \* \* \* Guthrie v. Boles, 261 F.Supp. 852, 854 (N.D.W.Va.1967).

This is not to say that a preliminary hearing can never be a "critical" stage in the prosecution of the accused. However, absent circumstances removing the preliminary hearing from its statutorily limited function, such a hearing in West Virginia is not a "critical" stage within the ambit of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). Petitioner has shown no evidence of irregularities in his preliminary hearing which operated to his prejudice.

Because the preliminary hearing is not a "critical" state in Petitioner's case, he was not prejudiced by the absence of counsel at that point. The absence or denial of counsel at the preliminary hearing, standing alone, was not a violation of this Petitioner's constitutional rights.

In his petition for a writ of habeas corpus Petitioner stated that he was denied "assistance of counsel upon appeal." He did not pursue this at his hearing and did not present evidence to support this contention. He has shown no basis for relief on this contention.

For the purposes set out above, Petitioner's claimed deprivations are determined not to be sufficient grounds for federal habeas corpus relief. An order will be entered denying the relief sought and dismissing the petition.