Charles Franklin **RINEHART**, Petitioner,

v.

Otto C. **BOLES**, Warden of the West Virginia State Penitentiary, Respondent.

Civ. A. No. C-68-5-C.

United States District Court
N. D. West Virginia.

July 9, 1968.

Jack R. Nuzum, Elkins, W. Va., for petitioner.

C. Donald Robertson, Atty. Gen., of West Virginia, Morton I. Taber, Asst. Atty. Gen., Charleston, W. Va., for respondent.

MAXWELL, Chief Judge.

While serving an indeterminate sentence of not less than one nor more than

ten years in the West Virginia State Penitentiary, imposed upon his earlier entered plea of guilty to forgery, Petitioner sought a federal writ of habeas corpus, pursuant to Title 28, § 2254, United States Code. This Court dismissed the petition on January 12, 1966, and Petitioner appealed. The Court of Appeals for the Fourth Circuit reversed and remanded the case, and thereafter an evidentiary hearing was held, after appointment of counsel, on June 7, 1968.

 Although Petitioner has been unconditionally released from custody by mandatory discharge, this Court continues to have jurisdiction over his application for relief. Once jurisdiction properly attaches, " * * * it is not defeated by the release of the petitioner prior to completion of proceedings on such application." Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (May 20, 1968). In Petitioner's case, an additional, practical reason appears, demonstrating that the question of relief here is not made moot by Petitioner's release, since in event of a subsequent felony conviction in West Virginia at some later date, the conviction of which he now complains could subject him to punishment under the West Virginia statute for recidivism, Chapter 61, Article 11, Section 18, West Virginia Code (Michie 1966). Petitioner's propensities would seem to indicate, to repeat, a practical reason here for his urging non-mootness.

In his application for a writ of federal habeas corpus, Petitioner alleges that he was denied a formal preliminary hearing and that his informal preliminary hearing was conducted amidst background confusion at the visitor's door of the jail. However, at the hearing, the prosecuting attorney for Harrison County introduced the record of a preliminary hearing held before a justice of the peace on May 1, 1963, the day after Petitioner's arrest.

██ Petitioner contends that he was not warned of his right to counsel at his informal preliminary hearing. This allegation is without merit since it has been established that the right to counsel does not attach at a preliminary hearing under West Virginia law since this proceeding is not a critical stage of the criminal process, of itself, and nothing herein alters this basic concept. Guthrie v. Boles, 261 F.Supp. 852 (N.D.W.Va.1967), and Williams v. Coiner, 285 F.Supp. 397 (N.D.W.Va., June 17, 1968).

██ Petitioner alleges that he was ineffectively represented by his court appointed counsel because the attorney conferred with him for only twenty-five minutes in the courtroom on the same day his plea was entered. He further contends that his attorney did not discuss the merits of the indictment with him and that the lawyer coerced his guilty plea with threats of punishment as a habitual criminal. At the hearing, the court appointed trial counsel testified that the conference of about one-half hour with Petitioner was held in the attorney's conference room outside the courtroom. During the conference, the attorney testified, Petitioner stated he was guilty. The counsel said he discussed the plea, Petitioner's right to a jury trial, and the possibility that one count would be dropped. Although Petitioner has alleged the ineffective assistance of counsel and the denial of due process because his plea was entered the same day he met with counsel, Petitioner has not presented sufficient evidence to merit relief on these grounds, and, additionally, the balance of evidence presented weighs greatly against Petitioner's allegations.

██ Petitioner further alleges that his guilty plea was involuntary because he was suffering great pain from an untreated infected toe. He stated that he was denied treatment until June 28, 1963, although he had requested treatment while he awaited arraignment in the Harrison County jail. Included in Petitioner's exhibits is a copy of a letter from his doctor stating Petitioner was

treated on June 1 and July 28 at the request of the sheriff of Harrison County. There is no evidence that Petitioner mentioned the infection to either his attorney or the Court the day he entered his plea. An allegation such as this, contradicted by Petitioner's own exhibit, is not only insufficient for relief, but lacks virtually any degree of credibility.

Although Petitioner contended in his petition for a writ of habeas corpus that he was subjected to cruel and unusual punishment while in the penitentiary and that he was denied parole as a result, this contention was apparently abandoned at his hearing. Because Petitioner has been unconditionally released from custody, the issue is moot and need not be considered at this time.

For the reasons set out above, Petitioner's claimed deprivations are determined not to be sufficient for federal habeas corpus relief. An order will be entered denying the relief sought and dismissing the petition.